## Silas C. Overpack v. Charles F. Ruggles.

*Certiorari: Practice in circuit courts.* On *certiorari* to review a judgment of a justice of the peace, the circuit court cannot weigh the evidence ; and it is error in such a case, where the testimony was conflicting, to allow a reduction by way of recoupment rejected by the justice upon the facts and without refusing to receive any evidence.

*Justice's courts: Taxation of costs: Statute construed.* The statute (*Comp. L. 1871,* § *5375*) in relation to taxable costs in justice's courts, was intended merely to prevent the accumulation of needless costs, and to limit the party as to such

27 MICH.—9.

' as are within his control; the jury fees, court fees, and officers' fees for serv-
ing any process other than subpœnas, are meant to be excepted from the limi-
tation, and are taxable.

*Heard April 8.   Decided April. 15.*

Error to Manistee Circuit.

*S. W. Fowler,* for plaintiff in error.

*Ramsdell & Benedict,* for defendant in error.

CAMPBELL, J.

This cause was removed by *certiorari* from a justice's
court to the circuit court for the county of Manistee, and
a judgment in favor of plaintiff was reduced in amount at
the circuit, by allowing a reduction which the justice had
rejected.   A question also arose as to the legality of certain
costs.

The suit was on a contract to recover for iron work
furnished to defendant, who pleaded set-off and recoupment.
The plaintiff testified that the defendant was to furnish and
deliver the iron to be worked up, and failed to do so, so
that plaintiff furnished his own.   He also testified that the
work was not to interfere with his general work.   The defense
was that there was delay whereby defendant was put to extra
expense about the building for which the work was to be done,
and that plaintiff made repeated promises and failed to keep
them.   Defendant's version of the agreement was not the
same as plaintiff's.

The justice returned that he did not refuse to receive
evidence by way of recoupment, but that upon the facts,
which were conflicting, he found for the plaintiff.

The circuit court could only reduce the judgment by
weighing the testimony, and crediting that which the justice
did not credit.   This the court had no authority to do,
and the reduction was improper.

The costs objected to were court and officers' fees, which
it is claimed could not properly be taxed under *section*

*5375 of the Compiled Laws of 1871,* where it is provided, "That the taxable *costs of the prevailing party* shall not exceed six dollars in all suits upon contract, and shall not exceed ten dollars in all other cases; *and the costs of the prevailing party* shall not be deemed to include jury fees, court fees, or officers' fees for serving any process, except subpœnas for witnesses." The same section requires the party to show positively that the expenditures for which he charges were necessary. Both of these conditions and qualifications are recent amendments of the old law.

It is plain, from the tenor of the whole section, that the object of the statute is merely to prevent the accumulation of needless costs, and to limit the party as to such as are within his control. The only vexatious costs likely to be incurred would be for the attendance of witnesses, and would include witness fees and service of subpœnas. The fees of the court or jury, and for service of other process, would be the same, or nearly the same, in all cases, and would be unavoidable and absolutely necessary. If we should hold these fees not to be taxable, it would follow that the plaintiff must in all cases pay those costs out of his own pocket, while he could recover costs which were to some extent within his own discretion. This is not, we think, the natural meaning of the statute. When it says that the "*costs of the prevailing party*" shall not exceed six dollars, and that the "*costs of the prevailing party*" shall not be deemed to include court and jury fees, etc., it is equivalent to saying that these are excepted from the limitation, and not that they are not to be taxed. If the latter clause had not been an amendment by way of addition to the former, the whole would probably have been put in a neater form. But the idea is expressed so that there can be no doubt as to its meaning.

We think the costs taxed were lawful.

The judgment of the circuit court must be reversed, and that of the justice affirmed, with costs of all the courts.

The other Justices concurred.