### Oliver M. Hyde v. William A. Nelson.

A defendant in attachment by appearing and pleading to the action does not preclude himself from taking proceedings before a Circuit Court Commissioner for the dissolution of the attachment.

An attachment having been issued on an affidavit that defendant was about to remove his property from the State with intent to defraud his creditors, defendant took proceedings before a Circuit Court Commissioner for its dissolution. On the hearing before the Commissioner, the defendant testified that when the attachment was served he did not know that he was owing any one. This evidence was given with a disclaimer of any intent to raise the question of an indebtedness to the plaintiff in this proceeding. It was held that the evidence was proper as bearing on the question of fraudulent intent.

On certiorari, only questions of law are open, and the Court can not weigh the evidence to determine whether questions of fact have been correctly decided. It is only where there is an entire absence of proof on some material fact found, that such finding becomes erroneous as a matter of law: — *Cicotte v. Morse,* 8 *Mich.* 424; *Jackson v. People,* 9 *Mich.* 111; *Berry v. Lowe,* 10 *Mich.* 9.

*Heard May 26th. Decided May 30th.*

Certiorari to F. B. Porter, Esq., Circuit Court Commissioner for Wayne county, who had made an order dissolving an attachment issued in Hyde's favor against Nelson, from the Wayne Circuit Court.

*C. P. Crosby,* for plaintiff in error, argued that after appearance in the action and plea to the merits, defendant was too late to move to dissolve the attachment. Appearance and plea operated as a waiver of all prior defects in the proceedings not going to the jurisdiction: — *Drake on Attachments,* 379; 5 *Mo.* 544; 13 *Mo.* 547; 31 *Ala.* 659; 17 *Miss.* 345; 3 *Ala.* 43; 2 *Green (Iowa)* 467; *Buckley v. Lowry,* 2 *Mich.* 418; *Galloway v. Holmes,* 1 *Doug. Mich.* 350; *Greenvault v. F. & M. Bank,* 2 *Doug. Mich.* 502; *Crane v. Hardy,* 1 *Mich.* 56; *Stewart v. Hill,* 1 *Mich.* 265; 1 *Ind.* 121; 1 *Gilm.* 35; 25 *Ala.* 534. The writ of attachment is an entirety, and if the Commissioner's order dissolving it is correct, the suit is out of court. There is no practical difference between the setting aside of an attachment for formal defects in the affidavit, and the dissolution of the writ by a commissioner upon the ground that the plaintiff had not a sufficient cause for suing it out. In either case the suit is at an end: — *Green's Pr.* 69; 1 *Doug. Mich.* 502.

The Commissioner erred in allowing Nelson to testify that he was not indebted to Hyde. The indebtedness is not in issue, and must be regarded for the purpose of the proceeding as admitted.

The evidence returned by the Commissioner shows a sufficient cause for suing out the writ.

*D. C. Holbrook,* for defendant in error.

CAMPBELL J. :

A motion was made before a Circuit Court Commissioner to dissolve an attachment, which upon hearing of proof was granted. It is now alleged on certiorari that the order dissolving the attachment was erroneous.

The suit was at issue in the Circuit Court; and it is claimed that no application can be made to dissolve an attachment after appearance.

The statute authorizing these applications does not limit the time when they may be made. It declares that in all cases where the writ has been issued and served, it shall be lawful for any defendant, whose property may be attached, to apply for a dissolution of the attachment. When the writ issues the object of making the attachment is not merely to bring the defendant into court, but also to retain the property that it may be ready to be applied on any judgment which may be obtained. The defendant can only be held liable to a personal judgment, binding in all respects, when he has been personally served or shall appear. And in such case the suit proceeds as if he had been summoned:— *Comp. L.* § 4763.

A creditor has no right to pursue a resident debtor found within the State by anything except a personal service of process or declaration, unless the debtor has been guilty of some one of the wrongful and fraudulent acts set forth in the statute. If he has not committed any of these the creditor ought not justly to obtain any specific lien in advance of his judgment. The writ of attachment issues on mere information and belief of these charges, and if at any time before judgment the defendant upon a hearing on that subject is not found to have been guilty of them, the plaintiff, if the writ has been served, or if there has been an appearance, can still recover such judgment as he would have done had he commenced his action in the usual way. It was held in *Paddock v.*

*Mathews,* 3 *Mich.* 18, that the object of the application to dissolve an attachment under the statute is merely to release the property, although if done before appearance, it will, unless otherwise ordered, carry the suit with it—a result which could not follow after an appearance. If the attachment is dissolved before appearance, the only ground on which a defendant could have been properly served originally is removed, and it would be improper to give the plaintiff any right of compulsion, unless where the Commissioner sees fit to order it. The term "attachment" is evidently used in this statute in its common law sense of a levy or seizure, and not to designate the writ under which the seizure is made. There is no good reason why the debtor should not be entitled to this privilege at any time before judgment. The plaintiff's claim to a personal judgment is in no way affected by it after appearance, and, as already stated, a personal judgment is all that he should have, unless the defendant, if resident, has been guilty of fraud. The power of dissolving attachments improvidently issued upon motion or other interlocutory application has been exercised at different stages of the cause, in several States, and it is only where the question is required to be made by plea in abatement that it can be inappropriate in any stage, unless under provisions very different from any thing in our statute. See *Chap.* 15, *Drake on Attachments,* where several cases are collected in the notes. After judgment there would be no propriety in such a motion, because the property is then liable to an ordinary execution.

We are of opinion the application was not made too late.

The defendant was allowed to show by his own testimony, that when the attachment was served he did not know he was owing any one. It is claimed that this testimony was improper as going to disprove the plaintiff's case on the merits, and not merely on the collateral issue.

HYDE v. NELSON.

It was put in under an express disclaimer of any such intent, and defendant claimed no weight for it for any such purpose. It was neither offered nor received as bearing on the merits. The question under consideration was only whether Nelson was about to remove his property with intent to defraud his creditors. If he honestly believed he had no creditors he could not very well have entertained any design to defraud them, and his belief on the subject was very important. The intent is the very thing in controversy, and may be proved by direct testimony as fairly as by circumstantial evidence. The credit to be given to the statement is to be determined by the Commissioner who saw and heard the witness testify. We think the evidence bore directly upon the collateral issue of the intent, and that there is no reason for regarding the merits of the cause as having been inquired into before the Commissioner.

We are not at liberty upon certiorari to inquire into the facts of the case as presented by the proofs. There was testimony on both sides bearing upon the issue made on the petition. We can not therefore review the Commissioner's finding on mere questions of fact. It is only when there is an entire absence of proof upon some material fact found, that such finding becomes erroneous as a matter of law : — *Cicotte v. Morse,* 8 *Mich.* 424; *Jackson v. The People,* 9 *Mich.* 111; *Berry v. Lowe,* 10 *Mich.* 9.

The order must be affirmed.

MANNING and CHRISTIANCY JJ. concurred.

MARTIN CH. J.:

I do not concur with my brethren, as I think that after a general appearance and plea, the Circuit Court Commissioner can have no jurisdiction over the person or property of the defendant.

*Order affirmed.*