LINN v. ROBERTS.

---

Alexander R. Linn and another v. James Roberts.

*Certiorari: Weight of evidence.* The Supreme Court will not review a case, on the weight of evidence on certiorari. — *Hyde v. Nelson*, 11 *Mich.* 353.

*Power of Commissioner to impose costs.* The statute empowers the commissioner to impose costs upon the defeated party. — *Comp. L.* 4776.

*Heard May 16th. Decided May 21st.*

Certiorari to T. K. Gillett, a Circuit Court Commissioner of Wayne county.

LINN v. ROBERTS.

This writ was sued out for the purpose of reviewing the proceedings of the Commissioner on a motion to dissolve an attachment.

The facts are stated in the opinion.

*Geo. A. Wilcox* and *G. V. N. Lothrop*, for plaintiff.

1. This court will examine into the evidence on certiorari to "determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved." — 9 *Mich.* 111; 10 *Id.* 9; 11 *Id.* 353.

2. The statute, authorizing proceedings before a commissioner for dissolution of attachment, provides that "if said judge or commissioner shall be satisfied that such plaintiff has not a good and legal cause for suing out said writ, the said judge or commissioner may order such attachment to be dissolved, etc. — *Comp. L.* 4775.

This provision clearly limits the inquiry of the commissioner to the grounds for suing out the writ, and he has no jurisdiction to dissolve an attachment which is legally sued out. In other words, if the plaintiff has a "good and legal cause" for commencing his action by attachment, this right of attachment can not afterward be taken from him by a proceeding before the commissioner.

3. The commissioner exceeded his jurisdiction in imposing costs against plaintiffs. — 10 *Mich.* 9; 2 *Tidd's Prac.* 1179.

*C. Hunt*, for defendant.

The record fully discloses the fact that there is no question of law raised; and the office of a certiorari is not to review questions of fact, but questions of law. — 3 *Mich.* 612; 5 *Id.* 532; 8 *Id.* 424; 9 *Id.* 111; 10 *Id.* 9; 27 *Ill.* 141.

The statute, *Comp. L.* 1275, gives jurisdiction of parties and subject matter to the commissioner, and the record

LINN *v.* ROBERTS.

shows that the proceedings were regular; evidence was introduced on both sides; no question of law was raised, and we therefore insist that no question is presented, upon which this court can pass, and the writ should be dismissed.

COOLEY J.

The plaintiffs being creditors of defendant to the amount of $310, attached his stock of goods at No. 156 Gratiot street, Detroit, January 15, 1867, on the alleged ground that he had assigned or was about to assign his property with intent to defraud his creditors. On application by the defendant to a Circuit Court Commissioner, the attachment was dissolved, after a hearing on the merits. The question before us is, whether there was any evidence before the commissioner to warrant the dissolution.

It appeared that the Linns commenced dealing with defendant May 1, 1865, when he was doing business at 99 Gratiot street, and that he made purchases and payments from time to time until September 24, 1866, when he sold out his stock at that place. On the first of the preceding January he owed them $281.77, which was afterwards paid in small sums. June 1, 1866, defendant put a mortgage for $1,000 on his stock of goods, payable to one Hill on the 16th of September following; and when this time expired he put another on record for the same amount, also payable to Hill, and due August 1, 1867.

These mortgages were unquestionably mere covers for defendant's property, and no attempt is made to excuse the giving of them.

Defendant went into business where he now is, in November, 1866, and plaintiffs continued to deal with him there, and, according to some of the testimony, pressed goods upon him when he was not anxious for

them. They knew he had sold out his old stock, but had no actual knowledge of the fraudulent mortgages which had been upon it. He gave no incumbrance upon the new stock, and if his testimony is believed, it shows that he is able to pay all his debts and have a surplus. When plaintiffs began to press for payment, he paid small sums from time to time, but not, as would seem, to the satisfaction of the plaintiffs, who at length offered to take their pay in goods. Their testimony tends to show that at first he agreed to pay in this way, but afterwards refused. They then sued out an attachment.

If the plaintiff's debt had existed before the sale of defendant's stock, at 99 Gratiot street, and they had ceased to deal with him at that time, we should not hesitate to say that a case for an attachment had been made in their behalf which remained entirely unexplained by defendant's testimony. The two mortgages, so far as the testimony in this case shows, were unquestionably fraudulent as to his creditors, and were such a disposition of his property as would warrant this proceeding. It could hardly be held, however, that they were necessarily fraudulent as to one who, with full knowledge of their existence, should afterwards become his creditors. But it appears in this case that the plaintiffs continued their dealings with defendant, and contracted the present demand after he had disposed of his whole interest in the goods which had been mortgaged, and when, of course, they could not have relied at all upon that property for their payment. His sale was a more complete disposition of his interest in the property than the mortgages were; and if their mutual dealings still continued with knowledge of that fact, it can hardly be said that an unquestionable case of intent to defraud them is made out by the mortgages alone. The fraudulent intent existing at one time, may not continue

indefinitely, and some weight is to be given to the acts of the creditors themselves, so far as they have continued to repose confidence with knowledge of the facts.

The subsequent evidences of intent to defraud were not strong, and a case was fairly presented of conflicting evidence for the commissioner to act upon. We have heretofore decided that we can not review a case upon the weight of evidence on certiorari. — *Hyde v. Nelson,* 11 *Mich.* 353.

The statute empowers the Commissioner to impose costs upon the ,defeated party. — *Comp. L.* § 4776.

* There is, therefore, no error of law which we can review, and the proceedings must be affirmed.

The other Justices concurred.