## James Lynch v. The People.

*Statutes: Pleading: Exceptions.* In pleading statutes where there is an exception in the enacting clause, the pleader must negative the exception; but when there is no exception in the enacting clause, but an exemption in a proviso to the enacting clause or in a subsequent section of the act, it is matter of defense, and must be shown by the defendant.

*City ordinance: Violation of Sabbath.* In a prosecution against a saloon keeper under a city ordinance prohibiting the keeping open of saloons on Sunday for drinking purposes, but which permitted the furnishing of meals to boarders, etc., there was evidence tending to show that persons were accustomed to take meals at his saloon, as well as to purchase drinks.

*Held,* That it was entirely competent to permit the keeping open of saloons under the city ordinance for one purpose, and to forbid their being kept open for other purposes.

*Held further,* That the opinion of the Recorder is final as to the sufficiency of the evidence under a complaint for the violation of city ordinances.

*Heard April 17th. Decided April 21st.*

LYNCH *v.* THE PEOPLE.

Certiorari to the Recorder's Court of the city of Detroit.

The plaintiff in error was tried and convicted in the Recorder's Court of Detroit for a violation of section one of an ordinance relative to "quiet and good order," and which is as follows:

"SEC. 1. No person shall keep open his or her store, shop, ordinary, saloon, bar room, ball alley, beer hall, restaurant, pleasure garden, victualing house, billiard room, grocery, or other place of business, pleasure or amusement, or give or make or be present at or take part in or permit on any premises occupied by him or her any public show, diversion, theatrical representation, ball, dance, game, or play, on the first day of the week, called Sunday.

The section shall not be construed to prevent, among other things, the following, to wit: *the furnishing of meals and lodgings to travelers and boarders*, nor to prevent the keepers of gardens, beer halls, saloons, or other pleasure resorts from doing business between the hours of 2 P. M. and 10 P. M., provided, etc."

The following is a copy of the complaint:

STATE OF MICHIGAN, } ss. In the Recorder's Court.
WAYNE COUNTY, CITY OF DETROIT. }

Peter Graham, being first duly sworn, makes complaint and says, that at the city of Detroit aforesaid, on Sunday, the first day of September, A. D., one thousand eight hundred and sixty-seven, and within the corporate limits of said city, one James Lynch, keeper of saloon bearing street No. 4 Woodward avenue, did then and there unlawfully and wilfully keep his saloon open before the hour of two o'clock in the afternoon, to the evil example of all others in the like case offending, and contrary to the ordinances of said city, in such case made and provided. *Sec. 1 of an ordinance relative to quiet and good order.*

(Signed)                        PETER GRAHAM.

The facts are stated in the opinion.

*S. Larned,* and *F. A. Baker,* for plaintiff in error.

1. The complaint is insufficient and void for the reason that it does not negative the exceptions contained in the

first section of the ordinance "relative to quiet and good order."

*a.* The rule is well settled that where an action is given by a statute, and in another section or subsequent statute exceptions are enacted, the plaintiff need not negative these exceptions; but where the exception is contained in the same section which gives the right of action, the plaintiff must negative the application of them to his cause of action.— 4 *Pick.* 347; 2 *Pick.* 140; 6 *Greenl.* 274; 1 *T. R.* 141; 6 *Id.* 559; 1 *Saunders,* 262.

*b.* If the complaint did not allege that defendant's saloon was kept open before two o'clock in the afternoon, it certainly would be bad. Yet the proviso as to time is no more an exception nor no more descriptive of the offense than the other provisoes contained in the same section, especially the one relative to furnishing meals to travelers and boarders.

*c.* The averment that defendant's saloon was kept open, "contrary to the ordinances of said city in such cases made and provided," is insufficient, because there is no ordinance to compel the defendant to keep his saloon closed upon Sunday, unless he does not come within the exceptions or provisions mentioned in the section upon which the complaint was made.— 2 *Greenl.* 228.

If the defendant kept his saloon open on Sunday forenoon to furnish meals to either travelers or boarders, although he sold liquor by the glass at his bar at the same time to said travelers and boarders, nevertheless he is not liable under the ordinance.

The ordinance says, "No person shall keep open his or her store, shop, etc., on the first day of the week called Sunday."

The offense consists in "keeping open" a place of business. And if the ordinance allows a store or saloon to be kept open on Sunday for one kind of business, it necessarily follows that said store or saloon would thereby be opened for all kinds of business.

*Wm. Gray,* for the People.

We do not controvert the doctrine stated in the first point of plaintiff's brief.

We simply claim that it and the cases relied upon do not apply to the present case.

The ordinance refers to several places — stores, ordinaries, saloons, restaurants, etc.

A restaurant is "an eating-house" ( see *Webster* ), and ordinary has the same definition; and if the complaint had been that the defendant kept open his restaurant or ordinary, and furnished meals, it would be proper to negative that the persons supplied were travelers or boarders.

But the word saloon has an entirely different signification. It is used to designate a place where drinks, not meals, are furnished.

If the complaint was for keeping open a store or billiard room, would it be necessary to allege that the parties received there were not travelers or boarders supplied with meals or lodgings?

The exceptions can only apply to establishments where the sole or principal business is to furnish meals, etc.; and this is not the case of a saloon.

Again, it might happen, and does in the case of hotels, etc., that a place for meals and a saloon are under the same roof. Under this ordinance one may be open for travelers, etc.— the other must be closed; or a place for meals and a place for drinks may be in the same room; if so, the latter is the saloon part, and must be closed.

If we look at the testimony, we find that people were passing in and out all the forenoon, not at usual meal hours; that eight or ten were there at one time — several drinking, but no pretence that any were there for meals.

We submit that it is clear that the defendant kept open, not an eating-room, but a saloon.

COOLEY CH. J.

The plaintiff in error was convicted in the Recorder's Court of the city of Detroit for a breach of the ordinance "as to quiet and good order." This ordinance in its first section provides that no person shall keep open his or her store, shop, ordinary, saloon, bar room, ball alley, beer hall, restaurant, pleasure garden, victualing house, billiard room, grocery or other place of business, pleasure or amusement, or give, or make or be present at, or take part in, or permit on any premises occupied by him or her, any public show, diversion, theatrical representation, ball, dance, game or play, on the first day of the week, called Sunday. It then further provides that this section shall not be construed to prevent, among other things, the furnishing of meals and lodging to travelers and boarders, nor to prevent the keepers of gardens, beer halls, saloons, or other pleasure resorts, from doing business between the hours of 2 P. M. and 10 P. M. under certain restrictions. The complaint charged that, at the city of Detroit, on Sunday, the first day of September, 1867, the plaintiff in error, keeper of a saloon bearing street number 4 Woodward avenue, did then and there unlawfully keep his saloon open, before the hour of two o'clock in the afternoon, contrary to said ordinance, etc.

It is claimed that this complaint is insufficient, because it does not negative the exceptions contained in the first section of the ordinance; that is, among other things, it does not negative the fact that the plaintiff in error kept the saloon open in order to supply meals to boarders and lodgers; which would have been no offense under the ordinance.

The rule in pleading statutes is stated by Mr. Justice *Manning* in *Myers v. Carr*, 12 *Mich.* 63. In declaring on a statute, where there is an exception in the enacting clause, the pleader must negative the exception; but where there is no exception in the enacting clause, but an exemption in a proviso to the enacting clause, or in a subsequent

section of the act, it is matter of defense, and must be shown by the defendant. See also *Attorney General v. Oakland County Bank, Walk. Ch.* 90. The exceptions in this ordinance are not in its enacting clause, and the complaint is good within the rule, even if the exceptions pointed out by counsel can be considered applicable to saloon keepers like the plaintiff in error, which may be somewhat doubtful.

It appears that on the trial in the Recorder's Court the plaintiff in error gave evidence to show that some persons were accustomed to take meals at his saloon; and he thereupon claimed a right to keep his saloon open for that purpose, and also claimed that "if the ordinance allows a store or saloon to be kept open on Sunday for one kind of business, it necessarily follows that said store or saloon would thereby be opened for all kinds of business." This claim is gravely made, but scarcely admits of a grave answer. Every livery stable, every drug store, and even any private dwelling house in the city, might lawfully be turned into a tippling shop on Sunday, if this position has any substance It is certainly lawful to keep them open for some purposes on that day; but it is entirely competent to forbid their being kept open for other purposes, as has been done by this ordinance. To "keep open," within the meaning of the ordinance, implies a readiness to carry on the usual business therein; and if this business is not within the exceptions of the ordinance, the offense is committed.

The evidence tended to show that the plaintiff in error kept his saloon open on the Sunday in question, in order to supply customers with drinks at his bar. This was not a lawful purpose under the ordinance; and it is no excuse that he may also have furnished meals to boarders at the same place. The lawful business—if it was one—can not protect the unlawful. Whether the evidence was sufficient to establish the fact that he kept his place of business open for the one purpose rather than for the other, is a question

upon which the opinion of the Recorder is final. As we discover no erroneous ruling of law in the case, the conviction must be affirmed with costs.

GRAVES and CAMPBELL JJ. concurred.

CHRISTIANCY J. did not sit.