Grates, J.:
Smoke sued Jones before a justice on a promissory note. The case was tried by a jury and they found in favor of Smoke and judgment was entered on the verdict. Jones then removed the case by certiorari to the circuit court, and the judgment was there reversed, and Smoke brought error. When the case went to issue before the justice the note was *on file, but it had been placed there at the time the summons was issued. The first allegation of error in the affidavit is, that the note was not filed at the time of joining issue. This must mean that the act of filing occurred too early. As it was actually on file when the parties went to issue, the fact that it was placed there before, does not strike the court as important.
The next charge of error is, in substance, that the note given in evidence varied from the declaration. The only foundation for this is, that the plaintiff declared verbally on the note then present on file, and that in entering the substance in his docket, the justice made a slip and described the note as dated in 1874, when in fact it bore date in 1871. The objection is devoid of force. The entry of the justice was not the declaration, or understood as so being, to which Jones pleaded, and on which issue was joined. The declaration was on the note on file, and it was the same note which was given in evidence. There was no variance at all, and Jones was not misled by the mistake made by the justice in entering the substance of the declaration in the docket. This is plain enough. The notice of special matter which accompanied the plea pointed, most distinctly to the very note on file. It contemplated defense to that note and no other. In fact it referred to the note by its date of 1871. The incorrect date made in the docket was substantially corrected by the note itself, and the mistake might have been cured in fact by the justice, by a correction of his entry. As it was, it worked no harm.
The next objection complains that “without calling the court, *389 the parties and the jury,” the justice visited the jury room and talked with the jurors touching their verdict, and that he dictated their finding, and caused them to change their determination. This charge rests on no solid foundation. The officer having charge of the jury, it would seem, took a request that the justice would appear before the jury to answer a question they or some of them desired to ask him; that he accordingly went to the jury room with the *parties and they consented that he might entertain the question which the jurors wished to put to him; that the jurors then asked him whether they had a right to find for a less amount than the note called for, and he replied, that defendant owed the whole or none, and thereupon the jurors were again left by themselves. So far as appears, both parties at the time acquiesced. The defendant cannot charge error on this proceeding to which he consented.
There is also an allegation of error which suggests a question on the weight of evidence, and another still, which, in so far as it is not already disposed of, is contradicted by the record. These require no notice.
The judgment of the circuit court must be reversed, and that of the justice affirmed, and the plaintiff must recover his costs of this court and of the circuit court.
The other justices concurred.