## THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO. v. DE FOREST HUNT.

*Garnishment of corporation—Service on agent—Certiorari.*

The "general or special agent" of a corporation upon whom a summons in garnishment may be served (Comp. L., § 6463) is an agent having a general or special controlling authority, either generally or in respect to some particular department of corporate business.

A justice does not acquire jurisdiction in garnishment over a railway company on return of service upon a specified person, described merely as "agent of the within named defendant," and the appearance of some person of a different name describing himself as "ticket agent of said road."

Certiorari is a proper proceeding for getting rid of a void judgment entered in justice's court.

Error to Kent. Submitted Oct. 16. Decided Oct. 29.

GARNISHMENT in justice's court in which judgment was entered against the garnishee. The case being removed on writ of certiorari to the circuit court, the judgment was affirmed and the garnishee brings error.

*C. M. MacLaren* for plaintiff in error.

*Taggart & Wolcott*, for defendant in error, claimed that certiorari was not a proper remedy and cited *People v. Farwell*, 4 Mich., 556, and *Farrell v. Taylor*, 12 Mich., 113.

COOLEY, J. This was a garnishee suit against the plaintiff in error, originating in justice's court. The constable to whom the summons was issued returns that he served it on "John W. Drew, agent of the within named defendant." What Drew's agency was does not appear. In his return to the writ of certiorari the justice states that on the return day of the summons "the said parties appeared, and the said John W. Drew was sworn and proceeded to make a disclosure." The disclosure actually made, however, appears to have been made by D. D. Drew, who describes himself as "ticket agent of said road."

It is, we think, the fair import of the justice's return that when he says "the said parties appeared" he means the plaintiff and Drew. But as the mere fact that one has an agency of some undisclosed sort for another cannot authorize him to appear in suits for his principal, the jurisdiction of the justice must obviously depend upon the validity of the service of the summons. If that was insufficient, the whole proceeding falls to the ground.

The statute (Comp. L., § 6463) permits the summons on a corporation garnishee to be served on "the presi-

dent, cashier, secretary, treasurer, general or special agent, superintendent, or other principal officer." John W. Drew is not represented to be an officer of the railroad company, but an agent. But what sort of an agent? Was he agent to buy wood, or employ a switchman, or to keep cattle off the track, or what was his agency? Every servant of the road is in a sense an agent: there must be something more definite than the mere designation of a man as agent before a court can say that his relation to the corporation was such as to make him its representative for the purpose of receiving service of process for it.

The terms "general or special agent" are very indefinite, but employed as they are here in association with terms designating the principal officers of the corporation, they evidently intend agents who either generally or in respect to some particular department of the corporate business have a controlling authority, either general or special. They do not mean every man who is entrusted with a commission or an employment. It could hardly be pretended that the Legislature had the power to make every inferior agent the agent of the company for such a purpose; if it had, it would be a power which a prudent Legislature would be careful not to exercise, and which we are confident there has been no intention to exercise in this statute.

The justice, then, never obtained jurisdiction. The appearance of D. D. Drew, and his disclosure were of no validity whatever. It is suggested in the brief for defendant in error that certiorari is not the proper remedy, because the garnishee statute gives an appeal. *Farrell v. Taylor*, 12 Mich., 113. It is a sufficient answer that the proceeding had no validity under the garnishee law, and certiorari was the appropriate remedy to get rid of the void judgment.

The judgment must be reversed with costs of all the courts.

The other Justices concurred.