JAMES H. BROWN v. GEORGE P. BLANCHARD.

*Certiorari—Dissolution of attachment.*

The Supreme Court is not authorized to review questions of fact on *certiorari.*

In a proceeding to dissolve an attachment, the attaching creditor has the burden of satisfying the circuit court commissioner that the writ was well founded; and when the commissioner has fully passed upon the testimony his decision is not open to review.

When an affidavit for certiorari to review the action of a circuit court commissioner in a proceeding to dissolve an attachment is based on an erroneous finding and not a total want of testimony, and the record shows that no claim was made before the commissioner that there was no testimony in favor of respondent to be considered, it does not present any question of law.

In a proceeding to dissolve an attachment, evidence is admissible that the plaintiff in the action had been secured by collaterals, and the defendant can be examined as to his intentions.

Certiorari to Edwin M. Adams, Circuit Court Commissioner for Kent county. Submitted October 31. Decided November 22.

*J. W. & O. C. Ransom* for plaintiff in certiorari.

*D. E. Corbitt* for defendant in certiorari.

CAMPBELL, C. J.    In this case a circuit court commissioner, on application to dissolve an attachment, having heard the testimony and allegations for and against the application, came to the conclusion that Blanchard was not, at the time the attachment was sued out, about to dispose of his property with intent to defraud his creditors, and dissolved the attachment. On this decision certiorari is brought.

We are not authorized on certiorari to review questions of fact; and inasmuch as the burden of proof is on the attaching creditor to satisfy the commissioner that the writ was well founded, the decision of the commissioner on the testimony is not open to revision when

he has fully passed upon it. *Macumber v. Beam*, 22 Mich., 395; *Smoke v. Jones*, 35 Mich., 409; *Jackson v. People*, 9 Mich., 111; *Hyde v. Nelson*, 11 Mich., 353; *Cicotte v. Morse*, 8 Mich., 424; *Berry v. Lowe*, 10 Mich., 9; *Linn v. Roberts*, 15 Mich., 443; *Welch v. Bagg*, 12 Mich., 41; *McGraw v. Schwab*, 23 Mich., 13; *Overpack v. Ruggles*, 27 Mich., 65.

Moreover, it appears from the record that before the commissioner no claim seems to have been made that there was no testimony to be considered in favor of respondent, and the affidavit for certiorari does not rest on a total want of testimony, but on an erroneous finding; and in this respect it resembles the ground set up in *McGraw v. Schwab*, which was held to present no question of law.

There was no error in allowing defendant to be examined as to his intentions, or in receiving evidence that plaintiff had been secured by collaterals. This testimony was relevant, and the commissioner was therefore right in receiving it.

The proceedings must be affirmed with costs.

MARSTON and GRAVES, JJ. concurred.

COOLEY, J. I agree with my brethren that on questions of the weight of evidence we cannot review these proceedings. But I do not agree that this case depends at all on disputed facts. Blanchard was a witness on his own behalf to disprove the *prima facie* case made against him, but instead of disproving it, he established it beyond dispute or cavil. He testified to his refusal to pay or secure the demand of the plaintiff, and to his proceeding thereupon to cover up his property by mortgages for amounts in excess of the sums owing by him. Not the slightest attempt is made by him to explain or excuse those mortgages: there is no dispute concerning them on the facts, and they stand as conveyances whose fraud is unquestioned and unquestionable.