JOHN WHITBECK v. THE COMMON COUNCIL OF THE VILLAGE OF HUDSON AND HARRY C. KINNE, RECORDER.

*Certiorari—Tax proceedings.*

Certiorari will not lie to bring tax proceedings before the Supreme Court for review.

Certiorari is not a flexible remedy, as it only admits of quashing the proceedings reviewed, or of refusing to do so.

The return to a writ of certiorari must ordinarily show everything on which the plaintiff relies for relief, and cannot be supplemented by his affidavit for the writ; if it is insufficient he must have it amended.

Certiorari to the Common Council and Recorder. Writ quashed. Jan. 11–12.—Jan. 18.

*Millard, Weaver & Weaver* for plaintiff in certiorari.

*L. H. Salsbury* and *Sawyer & Lane* for defendants in certiorari. Rights of the parties to proceedings by certiorari must be determined from facts as shown by the return: *Case v. Frey* 24 Mich. 251; *People v. Leavitt* 41 Mich. 470; *Com'rs of Highways v. Supervisors* 27 Ill. 140; *Rutland v. Com'rs* 20 Pick. 77; *Haines v. Judge of Westchester* 20 Wend. 625; the writ of certiorari is not of right: Cooley on Taxation 530; *In re Lantis* 9 Mich. 324; courts will only exercise jurisdiction to issue it to prevent a failure of justice: *Knapp v. Heller* 32 Wis. 467; *Adams v. Abram* 38 Mich. 302; there must be a probability of damage to the petitioner: *Gager v. Chippewa Supervisors* 47 Mich. 167.

COOLEY, J. Certiorari to review the proceedings of the common council of the village of Hudson in ordering one of the streets of the village to be paved, and the cost assessed against the owners of the abutting lots. Irregularities supposed to be fatal are alleged in the votes of the council, the descriptions of land are said to be so defective in some cases as to render the assessments ineffectual, and the plaintiff in certiorari claims that more of his land is assessed than belongs in the district for which the pavement is ordered. The name of the plaintiff does not appear in the proceedings, but it is alleged by him that certain described lands which are assessed to another person are his lands. All the proceedings of the common council are returned with the writ, but the return is silent respecting the ownership by the plaintiff of any of the lots assessed.

It is a new thing in this State to seek a remedy by certiorari for wrongs in tax proceedings. The fact that the bar has not heretofore, while litigation in tax cases has been so abundant, resorted to this remedy is some evidence that it has not been thought applicable; and this consideration derives force from the fact that if it is admissible for parties aggrieved to make use of it, it is in many cases a more speedy, convenient and effectual remedy, so far as the interests of complaining parties are concerned, than any other. Whether equally desirable on public grounds is another question, but litigants are accustomed to govern their actions by their own interest. The first question for consideration on the record, therefore, is whether the writ will lie in these cases.

The difficulty with the plaintiff's title, which is a very serious one, we pass over with the simple remark that the general rule undoubtedly is that the return to a certiorari must show everything on which the plaintiff relies for relief, and that if the return is insufficient, he must cause it to be supplemented by amendment. He cannot rely upon the affidavit for the certiorari to supply the deficiencies of the return. That is unquestionably the general rule, and the plaintiff seems to be called upon to show how his case

is exceptional. It is certain that if we look at the return alone he seems to be a stranger to these proceedings.

That the employment of the writ of certiorari in tax cases may be very troublesome will be obvious on very little reflection. The writ is one easily obtained; a considerable number of officers may allow it; it is issued on no other consideration than the allowance; and the plaintiff incurs no responsibility for consequent damages. The writ when served is supposed to remove the record into this Court, so that all proceedings of the officers to whom it is addressed are immediately stayed. If it will lie in the case of village pavement taxes, it will lie in the case of all other taxes; for on no ground or principle that occurs to us can any distinction be drawn. If, therefore, the writ is upheld in this case, it is reasonable to anticipate its use in many other cases where taxation is complained of, and the assessment and collection of township, city, county and State taxes, and all local levies, may be interrupted and stayed at any stage wherever a suggestion of illegality can be made sufficiently plausible to induce a circuit court commissioner or other competent officer to allow the writ. That endless confusion may be brought into tax proceedings in this manner is unquestionable.

But the writ is also inexpedient for other reasons. It is not a flexible remedy; all we can do under it is to quash or refuse to quash the proceedings. If the complaining party were to resort to suit in equity, he might be required, as a condition to any relief, to do what under the circumstances appeared to be just; and if he is injured to the extent only of a part of the taxes, he will be decreed to pay the remainder. He may also be required to deposit the amount of the tax, or to give security for it, before the proceedings of officers are stayed; and the court has ample power to do complete justice between the party complaining and the public where all the facts are before it. But there is nothing so flexible in the remedy by certiorari; and under the operation of its rigid rules if it is made use of in tax cases the complaining party may perhaps escape a public

burden where justice would require that he should bear it; and even if he were justly relieved from a wrongful burden, the mischief introduced by his writ would be likely to be greater than those it would cure; and public improvements which were generally desired might be stopped on the complaint of a single party concerned whose injury, if any, may be insignificant. Some of the errors assigned on this writ, even if well assigned, might on bill in equity be found immaterial, and others, perhaps, should go to a partial relief only. It is much better, therefore, that the plaintiff be left to the customary remedies.

Cases of laying out drains, in which it has been customary to allow this writ, are different in that they invade the premises of parties, and perhaps appropriate some portion of them. They are not tax cases purely. But even in those cases we are accustomed to quash the writ wherever considerations of equity seem to require it, and the Legislature has deemed it wise to provide a different remedy. *Tucker v. Parker* ante p. 5.

The other Justices concurred.