### CARROLL *v.* CITY COMMISSION OF CITY OF GRAND RAPIDS.

1. Contempt—Direct—Constructive—Courts—Power to Punish.
   A court has inherent power to punish for contempt whether it is committed in the presence of the court or arises from refusal of a party to comply with an order of the court.

2. Certiorari—Questions Reviewable—Evidence.
   On certiorari, Supreme Court may not review questions of fact, may not determine disputed facts, nor weigh the evidence except to determine whether it will justify the finding made as a legitimate inference from the facts proved, it being an appropriate remedy to avoid a judgment which there is no evidence to sustain.

3. Same—Orders Entered.
   Certiorari is not a flexible remedy, only questions of law being reviewable, so that only order that could be entered is one of affirmation or reversal, quashing the proceedings.

4. Contempt—Certiorari—Order Quashing Ouster Proceedings.
   Supreme Court, not having power on certiorari to make an order requiring affirmative action upon part of civil service board in quashing its proceedings to oust police chief, contempt proceedings may not be maintained for subsequent action by such civil service board.

Petition by Albert A. Carroll citing City Commission of City of Grand Rapids, acting as Civil Service Board, for contempt of this court. Submitted January 6, 1934. (Calendar No. 37,637.) Petition dismissed March 6, 1934.

*Cornelius Hoffius* and *Ganson Taggart* (*Russell Van Kovering*, of counsel), for plaintiff.

*Robert S. Tubbs*, City Attorney (*Linsey, Shivel & Phelps*, of counsel), for defendant.

POTTER, J. Albert A. Carroll was formerly superintendent of police of the city of Grand Rapids. There was a change of city administration. Charges were preferred against Carroll and he was summarily removed by defendants. The proceedings for his removal were brought to this court by certiorari and December 5, 1933, this court filed an opinion (265 Mich. 51) and an order was entered vacating, setting aside and holding for naught the proceedings of defendant resulting in Carroll's removal. This case is here upon a petition to punish defendant for contempt. It is claimed within an hour after the announcement of the decision of this court charges were filed against Carroll by the city manager; that December 14, 1933, the civil service board withdrew such charges and passed a resolution recognizing Carroll as superintendent of police, creating the position of superintendent of police *emeritus* and promoting or demoting Carroll to that position, which he refused to accept upon the ground defendants had no power or authority to create the position, and, it is claimed by him, the action of defendants was in contempt of this court. There is no question but the court has inherent power to punish for contempt, whether such contempt is committed

in the presence of the court, in which case the presiding judge may act summarily, or whether the contempt is constructive, arising from the refusal of the party to comply with an order of the court. 1 Bouvier's Law Dictionary (Rawle's 3d Rev.), p. 651. What order did this court make in the original proceeding? The original case was brought here on certiorari. On certiorari this court may not review questions of fact. *Brown* v. *Blanchard,* 39 Mich. 790. It is not at liberty to determine disputed facts (*Hyde* v. *Nelson,* 11 Mich. 353), nor to review the weight of the evidence. *Linn* v. *Roberts,* 15 Mich. 443; *Lynch* v. *People,* 16 Mich. 472. Certiorari is an appropriate remedy to get rid of a void judgment, one which there is no evidence to sustain. *Lake Shore & Michigan Southern Ry. Co.* v. *Hunt,* 39 Mich. 469.

"The office of a certiorari is not however to review questions of fact, but questions of law. And in examining into the evidence the appellate court does so not to determine whether the probabilities preponderate one way or the other but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, whether that inference would or would not have been drawn by the appellate tribunal." *Jackson* v. *People,* 9 Mich. 111 (77 Am. Dec. 491).

It is not a flexible remedy. "All we can do under it is to quash or refuse to quash the proceedings." *Whitbeck* v. *Common Council, Village of Hudson,* 50 Mich. 86.

"The sole question presented by the writ is, Was the action valid? The only order that could be entered was one of affirmation or reversal, quashing the proceedings." *Dubois* v. *Riley Township Board,* 126 Mich. 587.

"On certiorari questions of law only are reviewable, and it is the general rule that, when an order or judgment is reversed in certiorari proceedings, the whole case falls. It is an end to the case." *Van Dyke* v. *Doughty,* 174 Mich. 351.

The only thing this court could do when the case was brought here by certiorari was to determine whether it should sustain or affirm the proceedings or whether it would reverse or quash the proceedings. This court, by its opinion, found there was no material testimony sustaining the determination and findings of defendant and upon the filing of the opinion an order was entered that, "The determination of the city commission of Grand Rapids acting as a civil service board in sustaining the charges, or any of them, made against the appellant is vacated and the removal of appellant from the office of superintendent of police is set aside and held for naught." The result of the order of this court was to quash the proceedings of the city commission of Grand Rapids acting as a civil service board. No affirmative order was made. The city commission of Grand Rapids, acting as a civil service board, were not ordered to do or not to do any particular thing. This court, on certiorari, was without power or authority to make any order for affirmative action upon the part of the city commission of Grand Rapids acting as a civil service board. There being no order of the court requiring the performance of any affirmative act by the city commission of Grand Rapids acting as a civil service board, action by such city commission acting as a civil service board, subsequent to the quashing of the proceedings heretofore in this court, cannot be contempt. If new proceedings were instituted against Mr. Carroll by the city commission of Grand Rapids, acting as a civil

service board, or if he was subsequently removed from the office of the superintendent of police of Grand Rapids without proper proceedings taken, such action is undoubtedly subject to be reviewed by him, but such action upon the part of the city commission of Grand Rapids, acting as a civil service board, cannot be construed to be contempt of this court when there was no affirmative order of this court requiring the city commission of Grand Rapids, acting as a civil service board, to do or not to do anything. There having been no affirmative order of this court outstanding at the time of the action by the city commission acting as a civil service board, complained of, contempt proceedings cannot be maintained.

The petition for an order committing defendants for contempt is dismissed.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.