ERLANDSON *v.* GENESEE COUNTY EMPLOYEES'
RETIREMENT COMMISSION.

1. COUNTIES—EMPLOYEES' RETIREMENT COMMISSION.
   The determinations of county employees' retirement commission
   as to who are or are not members of a county retirement sys-
   tem are adjudications upon benefits and privileges of those
   who seek membership and constitute action of a judicial na-
   ture (P.A 1851, No 156, § 12a, as amended by P.A 1945, No 68).

2. CONSTITUTIONAL LAW—DETERMINATIONS OF QUESTIONS OF RIGHT,
   OBLIGATION, OR PROPERTY.
   An act which determines a question of right, obligation, or prop-
   erty, as the foundation upon which it proceeds, is to that ex-
   tent judicial.

3. COUNTIES—EMPLOYEES' RETIREMENT COMMISSION—CERTIORARI.
   The decision of a county employees' retirement commission as
   to amount of service credit to which county employees were
   entitled is a determination which is reviewable solely by cer-
   tiorari (P.A 1851, No 156, § 12a, as amended by P.A 1945,
   No 68).

4. CERTIORARI—SCOPE OF REVIEW.
   Appeals in the nature of certiorari are limited in scope, as ques-
   tions of fact may not be reviewed, disputed facts determined
   or weight of evidence reviewed; it being permissible to con-
   sider only errors of law.

5. SAME—JURISDICTION—SCOPE OF REVIEW.
   The right of inquiry which may be exercised upon common-law
   certiorari is not limited to the jurisdiction of the inferior tri-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 10 Am Jur, Certiorari § 10; 11 Am Jur, Constitutional Law
§ 202; 14 Am Jur, Courts § 160.
[3] 40 Am Jur, Pensions § 39.
[4, 5, 8] 10 Am Jur, Certiorari §§ 5, 13, 19.
[7] 10 Am Jur, Certiorari §§ 3, 19.
[9–11] 50 Am Jur, Statutes § 261 *et seq.*
[11] 40 Am Jur, Pensions §§ 15, 23.

bunal or body over the particular subject matter, but extends to the manner in which that jurisdiction is exercised and reaches all errors of law.

6. SAME—APPELLATE COURT'S EXAMINATION OF EVIDENCE.

An appellate court examines the evidence on certiorari not to determine whether the probabilities preponderate one way or the other but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, whether that inference would or would not have been drawn by the appellate tribunal.

7. SAME—RECORD—ACTION OF APPELLATE COURT.

Review on certiorari is confined to the matters shown in the record and the court is limited in its decision to affirmation, reversal or quashing of the proceedings reviewed.

8. SAME—JURISDICTION—CIRCUIT COURT—COUNTY EMPLOYEES' RE-TIREMENT COMMISSION—CIRCUIT COURT STENOGRAPHERS.

Action of circuit court on review by certiorari of determination of county employees' retirement commission as to when plaintiff circuit court stenographers first came under the retirement act in referring the matter to the commission for purpose of bringing them under the act as of the date of their first employment as assistant circuit court stenographers and directing the commission to ascertain amount of participation the petitioners were entitled to was not within the relief permitted on review by certiorari (PA 1851, No 156, § 12a, as amended by PA 1945, No 68).

9. STATUTES—DEFINITIONS.

It is within the legislative power to define the sense in which words are employed in a statute.

10. SAME—DEFINITIONS.

A statutory definition supersedes the commonly accepted, dictionary, or judicial definition and where an act passed by the legislature embodies a definition, it is binding on the courts.

11. COUNTIES—CIRCUIT COURT STENOGRAPHERS—EMPLOYEES' RETIRE-MENT SYSTEM.

Plaintiffs who, as assistant circuit court stenographers, received their salaries from the official stenographer until eventually appointed as official additional stenographers, were not employees of the county entitled to participate in county employees' retirement system as term "employees" is defined in pertinent statute and county ordinance (CL 1929, § 13659; CL 1948, § 691.306; PA 1851, No 156, § 12a, as amended by PA 1945,

No 68;   Genesee   County   Employees'   Retirement   Ordinance,
§§ 2 [t], 16 [c]).

Appeal from Genesee; Gadola (Paul V.), J. Sub-
mitted April 16, 1953. (Docket No. 17, Calendar No.
45,596.) Decided June 22, 1953.

Certiorari by Oscar S. Erlandson and another
against Genesee County Employees' Retirement
Commission to review order of commission. Order
reversed with directions to the defendant. Defend-
ant appeals. Reversed and remanded for affirmance
of order of defendant.

*Neithercut & Neithercut,* for plaintiffs.

*John G. David,* Genesee County Corporation Coun-
sel (*Richard C. Fruit,* of counsel), for defendant.

ADAMS, J. This is an appeal from a judgment
entered by the circuit court in Genesee county on an
appeal by writ of certiorari from a decision of the
Genesee county employees' retirement commission,
defendant and appellant.

For some years prior to February 1, 1949, Oscar
S. Erlandson and Leona Shively, plaintiffs and ap-
pellees, were assistant circuit court stenographers
for the seventh judicial circuit (Genesee county), act-
ing by appointment of the official stenographer of
the Genesee circuit under the provisions of CL 1948,
§ 691.305 (Stat Ann § 27.335), which reads:

"Sec. 5. Every stenographer may, subject to the
approval of the circuit judge, appoint 1 or more as-
sistants, who shall take and file the oath of office as
prescribed in section 3, and shall have power to
act in the place of said stenographer, and whose com-
pensation shall be paid by the stenographer. The
stenographer or the circuit judge shall have power
to revoke such appointment at any time."

On December 20, 1945, the board of supervisors of Genesee county adopted the Genesee county employees' retirement ordinance under authority granted by PA 1851, No 156, § 12a, as added by PA 1943, No 249, and amended by PA 1945, No 68.* The ordinance created the Genesee county employees' retirement commission, provided for contributions from county general funds and from employees to a retirement fund, prescribed the powers and duties of the commission, and established retirement benefits for employees. It became effective on January 1, 1946.

PA 1851, No 156, as amended in 1945, defines an employee in the following manner:

"The term 'county employee,' when used in this section is hereby defined to include all persons who receive more than 50 per cent of all compensation for personal services, rendered to governmental units, from county funds or county road funds, except persons engaged for special services on a contract or fee basis."

The county ordinance likewise defined an employee:

"Sec. 2(t): 'Employee' shall mean any person who receives 50 per cent or more of all compensation for personal services, rendered to governmental units, from the funds of Genesee county or of the several offices, boards and departments thereof; including the board of county road commissioners."

"Sec. 16(c): * * *. The membership of the retirement system shall not include (1) any person engaged for special services on a contract or fee basis."

The seventh judicial circuit, by law, has 3 circuit judges. The 3 judges were served by 1 official stenographer (CL 1929, § 13659 [Stat Ann § 27.181])

---

* See CL 1948, § 46.12a (Stat Ann 1945 Cum Supp § 5.333[1]).

and 2 assistants. As previously stated, the 2 assistants were appointed by the official stenographer and their compensation was paid by him.

In 1947, CL 1929, § 13659 (Stat Ann § 27.181), was repealed by the legislature with the result that CL 1948, § 691.306 (Stat Ann § 27.336), became operative in Genesee county. This section provides for the appointment by the governor of additional stenographers for all judges in the circuit and, pursuant thereto, the 2 plaintiffs were appointed circuit court stenographers on February 1, 1949. Thereafter, their salaries were paid from the general funds of Genesee county. At substantially the same time, they became members of the retirement system.

Subsequent to the enactment of the retirement ordinance but prior to their appointment as stenographers, plaintiffs petitioned the retirement commission to be made members of the retirement system and to be given service credit for the period that each had served as an assistant court stenographer, which in the case of plaintiff Erlandson was 28 years, and in the case of plaintiff Shively, 21 years. This service credit was significant in that the ordinance provided for retirement benefits in proportion to the period of service of each employee.

No action on plaintiffs' petition was had by the commission until July 11, 1949, when they determined that the plaintiffs should have their service credit computed from February 1, 1949, the date of their appointment as circuit court stenographers and likewise the date when their salaries were first paid directly from county funds. This determination by the commission was made pursuant to authority granted under section 16, subsection d, of the county ordinance which states:

"In all case of doubt, the retirement commission shall decide who is a member of the retirement sys-

tem within the meaning of the provisions of this ordinance."

Following the decision of the commission, plaintiffs petitioned the circuit court of Genesee county for leave to file a writ of certiorari, and upon the granting of such leave, a petition for writ of certiorari was filed setting forth the facts as herein stated and attaching a copy of the ordinance. A writ of certiorari issued, and an answer was returned by the commission. In the return the commission made reference to the statute under the provisions of which plaintiffs were appointed and pointed out that prior to February 1, 1949, salaries of the assistant stenographers were paid by the official court stenographer as provided by law. The answer further stated that the record did not show the amount of salaries paid to petitioners, that no contributions to a reserve for retirement benefits had been received from either the county or from the plaintiffs for their particular benefit, and that sufficient facts had not been presented on the record from which a computation of those contributions could be made.

On April 4, 1951, a judgment was entered by the circuit court to the following effect:

"The matter is referred to the Genesee county retirement commission, the respondents herein, to ascertain the amount of participation petitioners are entitled to, and to immediately bring them under the retirement act as of the date of their first employment as assistant circuit court stenographers for this circuit."

From that judgment defendant takes this appeal.

Defendant questions the jurisdiction of the circuit court to review the decision of the Genesee county retirement commission on certiorari. Section 16, subsection d, of the county ordinance, pre-

viously quoted herein, grants authority to the commission in all cases of doubt, to decide who is a member of the retirement system within the meaning of the provisions of the ordinance. No method of appeal from their decision is provided. Their determinations of those who are or are not members of the retirement system are adjudications upon benefits and privileges of those who seek membership and their action is judicial in nature.

"Whenever an act determines a question of right, obligation, or property, as the foundation upon which it proceeds, it is to that extent judicial." 10 Am Jur, p 534, § 10.

"If the civil service system as set up by the people of Detroit is to be effective, there should be finality to the findings made by the commission and review by the courts should be limited to the narrow confines of the office of the writ of certiorari." *Public Welfare Commission of Detroit* v. *Civil Service Commission of Detroit,* 289 Mich 101.

Confirming that opinion, this Court, when asked to rule on the propriety of a decision of the Wayne county civil service commission, said:

"However, so that an erroneous inference may not arise from our present opinion, we note, and we trust with finality, that under the record in the instant case wherein the commission acted in the exercise of its vested powers, the sole remedy available to plaintiff was certiorari." *Bischoff* v. *County of Wayne,* 320 Mich 376, 394.

Appeals in the nature of certiorari are limited in scope. Questions of fact may not be reviewed. *Brown* v. *Blanchard,* 39 Mich 790. Disputed facts cannot be determined. *Hyde* v. *Nelson,* 11 Mich 353. Nor can the weight of evidence be reviewed. *Linn* v. *Roberts,* 15 Mich 443. Only errors of law may be considered.

"A review cannot be had by writ of error in these special or extraordinary proceedings, not according to the course of the common law. The power of reviewing upon common-law certiorari even the judicial proceedings of inferior tribunals and bodies, which are not according to the course of the common law, has long been exercised. The right is not limited to an inquiry as to jurisdiction of the inferior tribunal or body over the particular subject matter, but extends to the manner in which that jurisdiction is exercised. It may reach all errors of law." *Hartz* v. *Wayne Circuit Judge,* 164 Mich 231, 234.

" 'The office of a certiorari is not however to review questions of fact, but questions of law. And in examining into the evidence the appellate court does so not to determine whether the probabilities preponderate one way or the other but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, whether that inference would or would not have been drawn by the appellate tribunal.' " *Jackson* v. *People,* 9 Mich 111 (77 Am Dec 491), as quoted with approval in *Carroll* v. *City Commission of City of Grand Rapids,* 266 Mich 123.

Review on certiorari is confined to the matters shown in the record (*Whitbeck* v. *Common Council of the Village of Hudson,* 50 Mich 86) and the court is limited in its decision to affirmation, reversal or quashing of the proceedings reviewed.

"It was there held that certiorari is not a flexible remedy, but permits only affirmation, reversal or quashing of the proceedings reviewed." *Bettendorf* v. *F. W. Woolworth Co.,* 329 Mich 409.

We conclude that certiorari was the appropriate and exclusive means of reviewing the determination of the Genesee county employees' retirement commission, but that in such review the circuit court

could only affirm or reverse the commission's decision.

The judgment of the circuit court exceeds the limits prescribed for reviews in the nature of certiorari. It refers the matter to the commission for the purpose of bringing the plaintiffs under the retirement act as of the date of their first employment as assistant circuit court stenographers and further directs the commission to ascertain the amount of participation that petitioners are entitled to. While the judgment, in effect, reverses the decision of the commission in its finding that the plaintiffs' service credit should be computed from February 1, 1949, it goes beyond mere reversal to require affirmative action by the commission. It establishes larger service credit and directs a determination of the extent of plaintiffs' participation in the system. The judgment as entered is not within the permitted relief available on a writ of certiorari.

As we have said, the reviewing court on certiorari looks only to the record of the proceedings in the lower tribunal and may consider only errors of law which are apparent in that record. From the record before us we are informed that the plaintiffs were appointed under the provisions of CL 1948, § 691.305 (Stat Ann § 27.335), which states that their compensation "shall be paid by the stenographer." In the commission's return to the petition, it is admitted that plaintiffs' compensation prior to February 1, 1949, was paid by the official stenographer. That statement is nowhere denied. We further find that section 2, subsection t, of the Genesee county retirement ordinance, which is attached to the petition, defines an employee entitled to membership in the system as follows:

" 'Employee' shall mean any person who receives 50 per cent or more of all compensation for personal services, rendered to governmental units, from the

funds of Genesee county or of the several offices, boards and departments thereof, including the board of county road commissioners."

The definition in the ordinance closely follows the statutory definition found in the enabling legislation.

"It is within the legislative power to define the sense in which words are employed in a statute." 50 Am Jur, p 253, § 261.

"A statutory definition supersedes the commonly-accepted, dictionary, or judicial definition. Where an act passed by the legislature embodies a definition, it is binding on the courts." 50 Am Jur, p 254, § 262.

It is thus apparent from the record that the plaintiffs did not receive 50% or more of their personal compensation for services rendered governmental units from the funds of Genesee county or of the several offices, boards or departments thereof. Their compensation, by law and as a matter of record, was paid to them by the official stenographer.

We conclude, therefore, that the plaintiffs' employment prior to February 1, 1949, did not bring them within the definition of "employee" as used in the Genesee county retirement ordinance and as used in the enabling legislation, and that the circuit judge was in error when he held that they were entitled to service credits from the date of their original appointments as assistant stenographers.

The order of the circuit court is vacated. The cause is remanded to the circuit court with direction to affirm the order of the Genesee county employees' retirement commission dated July 11, 1949. Costs to appellants.

Dethmers, C. J., and Butzel, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.