CITY OF ALLEN PARK, a municipal
corporation, Plaintiff,

v.

ECORSE POLLUTION ABATEMENT
DRAIN NO. 2 DRAINAGE DISTRICT, a
body corporate, and Charles N. Young-
blood, Wayne County Drain Commis-
sioner, Defendants.

Civ. No. 81–70353.

United States District Court,
E. D. Michigan, S. D.

July 16, 1981.

Michael H. Feiler, Farmington Hills,
Mich., for plaintiff.

Robert Tiplady, Plymouth, Mich., Charles
R. Moon, Dickinson, Wright, McKean, Cud-
lip & Moon, Detroit, Mich., for defendants.

OPINION

FEIKENS, Chief Judge.

On November 6, 1980, following a lengthy
trial, I filed an opinion that held that the
City of Allen Park contributed to the com-
bined sewer overflows being discharged
into the north branch of Ecorse Creek. I
found that the defendants, Wayne County
Drain Commissioner Charles N. Young-
blood, Le Blanc Tile Drainage District, the
Drainage District for Ecorse Creek Pollu-
tion Abatement Drain No. 1, and the City
of Allen Park failed to undertake actions
necessary to comply with the construction
schedule contained in NPDES Permit No.
MI–0026204, and that this failure constitut-
ed a violation of the Federal Water Pollu-
tion Control Act § 301(a), 33 U.S.C.
§ 1311(a), and the Michigan Water Re-
sources Commission Act, M.C.L. § 323.7(1)
(M.S.A. § 3.527(1)). I also found that be-
cause of Allen Park's refusal to proceed

with financing of its share of the project, plaintiffs, the State of Michigan, and the Administrator of the United States Environmental Protection Agency were entitled to injunctive relief compelling the financing and construction of the Allen Park segment of the Element 2 Final Plan, Alternative 1, in its entirety, including contracts 1–5 and a retention basin.

An order so providing was entered, and it required the City of Allen Park to participate with the defendants in specific steps, including the apportioning of the costs of the drain project against certain public corporations, including Allen Park. Jurisdiction was retained to implement the order.

Defendants, in compliance with the order, have taken steps and conducted proceedings to fund and construct the drain project. An apportionment hearing was held, and an apportionment determination was made. Thereafter, and on January 8, 1981, plaintiff, City of Allen Park, filed a complaint for superintending control in Wayne County Circuit Court (Civil Action No. 81–100961–AS) seeking certiorari of those proceedings; this action was removed to this court on February 3, 1981 on pendent jurisdiction grounds.

Issue has now been joined, and defendants move for summary judgment. All parties concede that this is an action seeking superintending control by proceedings in certiorari brought within twenty (20) days after the filing of an order of apportionment.

The statutory procedure for apportionment determination is spelled out in Chapter 20 of the Drain Code of 1956 (a Michigan statute, M.S.A. § 11.1483). In *In Re Petition of Macomb Drain Commissioner*, 369 Mich. 641 (1963), 120 N.W.2d 789, the Michigan Supreme Court lists the procedural requirements of Chapter 20 of the Drain Code. They are:

(1) A public hearing on the apportionment of the cost;

(2) Due notice by publication and by registered mail to the public corporations proposed to be assessed;

(3) Following confirmation of the apportionment determination, the Drain Commissioner is required to prepare a special assessment roll; and

(4) After the approval of the assessment roll, the Drain Commissioner is directed to certify to each public corporation assessed, the total amount of such assessment.

The Court points out that proceedings under Chapter 20 of the Drain Code are special and summary.

Pursuant to this statutory directive, defendants, on September 17, 1980, gave notice of and held a meeting at which tentative apportionment of costs were adopted. On November 12, 1980, after due notice, a meeting was held at which a hearing on the tentative apportionment was conducted. This meeting and hearing was recessed to December 10, 1980, when it continued to conclusion. On December 17, 1980 at a meeting of the Drainage Board, objections were considered and further reports were requested. On December 29, 1980, the requested reports were received, objections were again considered and resolutions fixing and confirming the apportionments, together with a Final Order, were adopted by the Board.

I have carefully considered the certified record which has been filed and the objections made thereto by plaintiff. In its statement of objections, plaintiff contends that defendants' motion for summary judgment is deficient, that this Court does not have jurisdiction, and that material issues of fact exist requiring hearing and decision. I find that plaintiff's contentions with regard to defendants' motion's insufficiency and with regard to this court's jurisdiction are without merit.

In analyzing plaintiff's objections, I have in mind that this is a proceeding on certiorari. The review is of the certified record. In the case of *Carroll v. City Commission*, 266 Mich. 123, 253 N.W. 240, these review proceedings are summarized as follows:

"On certiorari this court may not review questions of fact. *Brown v. Blanchard*, 39 Mich. 790. It is not at liberty to

determine disputed facts (*Hyde v. Nelson*, 11 Mich. 353), nor to review the weight of the evidence. *Linn v. Roberts*, 15 Mich. 443; *Lynch v. People*, 16 Mich. 472. Certiorari is an appropriate remedy to get rid of a void judgment, one which there is no evidence to sustain. *Lake Shore & Michigan Southern Ry. Co. v. Hunt*, 39 Mich. 469.

"The office of a certiorari is not however to review questions of fact, but questions of law. And in examining into the evidence the appellate court does so not to determine whether the probabilities preponderate one way or the other but that it will justify the finding as a legitimate inference from the facts proved, whether that inference would or would not have been drawn by the appellate tribunal. *Jackson v. People*, 9 Mich. 111 (77 Am.Dec. 491).

"It is not a flexible remedy. 'All we can do under it is to quash or refuse to quash the proceedings.' *Whitbeck v. Common Council, Village of Hudson*, 50 Mich. 86 [14 N.W. 708]."

■ I find that the hearing on apportionment of costs of the Drain Project was held following notice by publication and mailing, in compliance with law; that the hearing commenced on November 12, 1980 and was adjourned by public announcement properly made, to December 10, 1980. I find too that the meetings of December 17, 1980 and December 29, 1980, as noticed and held by defendants, were in compliance with law. On December 29, 1980, I find that a Final Order of Apportionment was adopted confirming the apportionment tentatively made on September 17, 1980.

A careful reading of the record also reveals that there are no facts advanced that the Drainage Board, in making the tentative apportionment on September 17, 1980, did not take "into consideration the benefits to accrue to each public corporation and also the extent to which each public corporation contributes to the conditions which make the drain necessary" (Sec. 468 of the Drain Code). Nor are facts set forth that the designation of the area to be served or the designation of the public corporations to be assessed includes or excludes any area in or any public corporation not named in the tentative apportionment. The record contains no facts which demonstrate that the ultimate location and design of the retention basin project mandated by this Court's order will result in a reduction of the apportionment of cost percentage to be borne by the plaintiff as set forth in the Final Order of Apportionment. The record contains factual reports which support the determinations made by defendants, and no countervailing facts were submitted by plaintiff.

Heretofore I found that the drain project was necessary for the public health. This necessity is recited in the petition for the drain project in orders of the Michigan Department of Natural Resources and in the Final Order of Determination entered and filed in the proceedings for the drain project, and all are referenced in the record.

Accordingly, I conclude:

■ 1. These proceedings in certiorari to review the Final Order of Apportionment adopted, executed, entered and filed by defendants on December 29, 1980, and to review the Certified Record of proceedings by the defendants to fund and construct the Drain Project as ordered by this Court in its Final Order and Judgment of June 30, 1980, are before this Court pursuant to the doctrine of pendent jurisdiction, and that I must apply Michigan law to the certiorari proceedings and the standard of review and especially Section 483 of Chapter 20 of the Drain Code of 1956, as amended, which section is operative to the exclusion of any sections in any other chapters of the said Drain Code.

2. The apportionment of costs of the Drain Project are to be made by defendants, according to benefits and contributions by the public corporations involved herein, in percentages of said costs to be borne by each public corporation including the plaintiff, and there is nothing in the Certified Record showing that the defendants did not so apportion the costs in accordance with their best judgment and without mistake or abuse of discretion or fraud or bad faith or in violation of law.

3. In reviewing the Certified Record in these proceedings in certiorari, this Court will not review questions of fact but only questions of law and in examining the facts, this Court will not determine whether the probabilities preponderate one way or another, but only that the facts considered reasonably justify the Final Order of Apportionment and that the materials available to and used by the defendants in apportioning the costs of the Drain Project are proper and sufficient whether or not this Court would or would not have made the same apportionment.

4. The Certified Record contains proofs, adequate in law, that due and proper notice as required by the Drain Code of 1956, and as required for due process and equal protection of law under Federal and State constitutions, was given by defendants with respect to all hearings and meetings where notice is required or necessary.

5. Defendants' actions to comply with federal and state law, and with the orders of this Court and of the Michigan Department of Natural Resources, by abating water pollution in the North Branch of the Ecorse Creek, the Le Blanc Drain, and other creeks, streams, rivers and drains in the vicinity, provide a benefit to the public corporations which have been apportioned a share of the cost of the drain project, including plaintiff. These actions do not provide a benefit to other public corporations which are not located in this area, and do not contribute to the pollution being abated, except to the degree that all users of the State's water benefit from compliance with water pollution law.

6. The burden rests with plaintiff to show by facts submitted to defendants in the hearing required by law, the reasons why and the extent and manner in which the tentative apportionments are invalid or improper so as to overcome the presumption that defendants, in exercising their discretion and judgment as required by law, acted properly and in accordance with that law. The plaintiff has not met that burden, and there is nothing in the Certified Record to show fraud, bad faith, dishonesty, abuse of discretion or failure to comply with applicable law on the part of defendants.

7. The Complaint of plaintiff for Superintending Control (certiorari) is dismissed, the petition for issuance of a writ of certiorari is denied, and the writ is quashed and the Final Order of Apportionment, dated and filed December 29, 1980, is hereby confirmed and held not subject to attack in any court.

An order so providing may be submitted.