O'DELL *v.* CIVIL SERVICE COMMISSION OF FLINT.

1. Certiorari—Civil Service Commission—Courts—Evidence.
   The function of the court on writ of certiorari from a civil service commission is to consider whether or not there is substantial evidence to support the finding of the commission.

2. Same—Questions Reviewable—Evidence.
   On certiorari, the Supreme Court may not review questions of fact, may not determine disputed facts, nor weigh the evidence except to determine whether it will justify the finding made as a legitimate inference from the facts proved, it being an appropriate remedy to void a judgment which there is no evidence to sustain.

---

References for Points in Headnotes
[1–3] 1 Am Jur, Certiorari, § 15; see generally, 10 Am Jur, Civil Service, § 1 *et seq.*

3. Municipal Corporations—Civil Service Commission—Discharge of Policemen.

Evidence presented and admissions made at hearing by city civil service commission supported its order affirming discharge of 3 policemen by chief of police.

4. Same—Civil Service Commission—Hearing—Examination of Witnesses.

A full and fair hearing was accorded 3 policemen by city civil service commission on their appeal from discharge by chief of police, where it appears they were represented by an attorney who cross-examined witnesses produced on behalf of the police department, each of the policemen testified and 120 pages of testimony was taken before the commission.

5. Same—Policemen—Standard of Conduct—City Legislative Body.

The standard of conduct required of police officers of a city is a matter for the sound discretion of the legislative body of the city.

6. Same—Policemen—Rules and Regulations—Standard of Conduct.

Rules and regulations of city police division, which require mounted officers to notify dispatcher when leaving radio-equipped vehicle, prohibit carrying of unauthorized persons and prohibit drinking of intoxicating liquors while on duty *held,* not to set too high a standard of conduct for police officers.

7. Same—Civil Service Commission—Findings—Discharge of Policemen.

Finding of city civil service commission that the discharging of 3 policemen was not for reasons other than for the good of the service *held,* sustained by record.

Appeal from Genesee; Huff (Eugene Snow), J., presiding. Submitted June 17, 1950. (Docket No. 85, Calendar No. 44,847.) Decided October 2, 1950. Rehearing denied December 5, 1950.

Certiorari by Elton T. O'Dell, Leland Fortune and Loren Gillespie against Robert P. Gerholz and others, Civil Service Commission of Flint, and others to review hearing upholding discharge. Action of Commission affirmed. Plaintiffs appeal. Affirmed.

*Leon A. S. Seidel* (*Richard C. Fruit,* of counsel), for plaintiffs.

*John T. Damm* and *Ford Kennedy,* for defendants.

Sharpe, J.   This is an appeal from the order of the circuit court of Genesee county dismissing certiorari and affirming the action of the Flint civil service commission in upholding the discharge of plaintiffs as police officers.

The police officers were discharged by James T. Byars, chief of Flint police department, from the service of the city on September 3, 1947.   The basis of the discharge in each case was that the police officers were involved in certain misconduct during the early morning hours of August 29, 1947.   Written notice of discharge setting forth specific charges involving violations of the rules and regulations of the division of police was served upon each of the discharged officers on September 4, 1947.   The officers gave notice of appeal to the civil service commission and a combined hearing on the appeals was held September 23, 1947.   As a result of the hearing, the civil service commission found that the discharges were proper and the action of the chief of police was sustained.

The testimony taken before the civil service commission shows that officers Fortune and O'Dell had completed, while officer Gillespie had commenced, a tour of duty at midnight August 28, 1947.   Shortly thereafter, on August 29, 1947, officer Gillespie started to take Miss Kime, a stenographer in the police department, and the other 2 officers home in the official investigation car which it was his assignment to drive.   On the way home the group stopped at officer O'Dell's home for a drink.   Miss Kime was taken home and the 3 officers proceeded to the Chicken Shack for some food.   While so driving 1

of the officers picked up 2 girls and all proceeded to the Chicken Shack for food and drink. The party then returned to O'Dell's house where more drinks were served.

The specific charges against officer Gillespie were drinking while on duty in violation of section 88 of the rules and regulations of the division of police; failure to notify dispatcher when leaving police cruiser in violation of section 76 of rules and regulations of division of police.

The charges against officer O'Dell were drinking intoxicating liquor while in uniform in violation of section 88; transporting unauthorized persons in police cruiser in violation of section 78 of the rules.

The charges against officer Fortune were drinking intoxicating liquors while in uniform in violation of section 88 of the rules; using police cruiser to transport 2 women from the Chicken Shack to the home of Fortune and conduct unbecoming an officer in that he was openly in the presence of a woman with a known police record in violation of section 146 of the rules and regulations of division of police.

Following the hearing, the civil service commission entered the following order:

"In the matter of the appeal of Leland Fortune, Loren Gillespie and Elton T. O'Dell to the civil service commission of the city of Flint, we find that after a full hearing, and from the evidence produced at such hearing, that their discharges from the city of Flint police department were not for political or religious reasons or for reasons other than the good of the service, and find that the discharges were proper.

"The action of the chief of police is therefore sustained and the appeals are dismissed."

On August 31, 1948, plaintiffs filed petition for a writ of certiorari in the circuit court of Genesee county and on the same date the court issued the writ

returnable September 30, 1948. The cause came on for a hearing, resulting in dismissal of the writ of certiorari and affirmance of the action of the civil service commission.

Plaintiffs appeal and urge that they did not receive a full and complete hearing before the civil service commission; that there was not competent and credible evidence showing by a clear preponderance of evidence that plaintiffs were guilty of any substantial misfeasance or nonfeasance affecting public welfare; and that the civil service commission improperly excluded plaintiffs' defense which would have disclosed that plaintiffs were discharged for political reasons.

The civil service commission of the city of Flint exists by virtue of the charter of the city of Flint. The charter provision of the city of Flint governing investigation of a discharge of an employee reads as follows:

"Sec. 244. No person shall, for political or religious reasons, be discharged from the classified service or suspended by the departmental head appointing him except as provided herein. In every case of reduction or suspension for more than 30 days and in all cases of discharge the appointing officer shall furnish the subordinate reduced, suspended or discharged, also the civil service commission, with a copy of the order of removal, reduction or suspension and his reasons therefor. The civil service commission may and upon the written request of the subordinate, made within 10 days, shall, investigate. If it shall find as a result of such investigation that the discharge, reduction or suspension was made for political or for reasons other than the good of the service, it shall so report to the departmental head, and the person so discharged, reduced or suspended shall thereupon be entitled to resume his position and to receive his regular rate of pay for the time lost."

The rules and regulations of the division of police claimed to have been violated read as follows:

"Sec. 76.   When on mounted patrol, members will respond promptly to recall signals or radio dispatches and will report to the dispatch operator as required.   Members in radio-equipped units shall, whenever possible, notify dispatcher upon leaving the vehicle.   All members are expressly forbidden to carry on unnecessary conversation with the dispatcher."

"Sec. 78.   Auto patrols will not be used for conveying property except when authorized by a commanding officer and then only on police business.   No person other than a member of the division shall be permitted to ride in a police vehicle except when such transportation is in direct connection with police activity."

"Sec. 88.   A member of the division will not drink intoxicating liquor of any kind while on duty, nor while off duty to the extent of unfitting him for duty. Neither shall he report for duty with the odor of liquor on the breath."

"Sec. 146.   Charges in writing will be preferred against a member of the division of police for any infraction of these rules and regulations, or division of police orders, or other instructions, or of conduct or negligence to the prejudice of good order, efficiency and discipline.   Charges will set forth the specific section of the rules and regulations, the conduct or negligence prejudicial following such charges by brief specifications giving the facts."

It is the rule that on review by the circuit court on writ of certiorari from a civil service commission the function of the court is to consider whether or not there is substantial evidence to support the finding of the civil service commission. *Public Welfare Commission of Detroit* v. *Civil Service Commission of Detroit,* 289 Mich 101.

In *Carroll* v. *City Commission of City of Grand Rapids,* 266 Mich 123, we said:

"On certiorari this Court may not review questions of fact. *Brown* v. *Blanchard,* 39 Mich 790. It is not at liberty to determine disputed facts (*Hyde* v. *Nelson,* 11 Mich 353), nor to review the weight of the evidence. *Linn* v. *Roberts,* 15 Mich 443; *Lynch* v. *People,* 16 Mich 472. Certiorari is an appropriate remedy to get rid of a void judgment, one which there is no evidence to sustain. *Lake Shore & Michigan Southern Railway Co.* v. *Hunt,* 39 Mich 469.

" 'The office of a certiorari is not however to review questions of fact, but questions of law. And in examining into the evidence the appellate court does so not to determine whether the probabilities preponderate one way or the other but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, whether that inference would or would not have been drawn by the appellate tribunal.' *Jackson* v. *People,* 9 Mich 111 (77 Am Dec 491)."

Next in importance is the determination of the question as to whether the civil service commission based its findings upon substantial evidence. The commission conducted a hearing at which time plaintiffs were present and were represented by an attorney. It is our opinion that from the testimony offered and admissions made, the commission had sufficient and competent testimony to arrive at the conclusions it did and to support the order entered thereon.

Plaintiffs urge that they did not have a full and complete hearing by the civil service commission. The record shows some 120 pages of testimony taken before the commission, including the testimony of all 3 plaintiffs and the examination by plaintiffs' attorney and his cross-examination of witnesses produced on behalf of the police department. Upon examina-

tion of this record we are not able to find that the plaintiffs were denied a full and fair hearing.

Plaintiffs also urge that the acts committed were not such as affected public welfare. The standard of conduct required of police officers as set up in the rules and regulations of the police department is a matter for the sound judgment of the legislative body of the city of Flint. We cannot say that the rules and regulations set too high a standard of conduct for police officers.

The record sustains the finding of the civil service commission that the discharges were not for reasons other than for the good of the service. That finding is affirmed, with costs to defendants.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.