GANTZ v CITY OF DETROIT

OPINION OF THE COURT

1. ADMINISTRATIVE LAW—CIVIL SERVICE—RESIDENCE REQUIREMENT—RULES.

The appointing authority, not the civil service commission, decides when, if at all, to discharge an employee, and a Detroit Civil Service Commission residency rule, which seeks to impose a mandate on the appointing authority and to compel discharge for nonresidence, exceeds the power of the commission to promulgate or enforce.

2. ADMINISTRATIVE LAW—CIVIL SERVICE—RULES—ENFORCEMENT.

The Detroit Civil Service Commission is without the authority to enforce a residence requirement for employment; therefore the trial court erred in dismissing a complaint by an employee discharged from his employment by the Detroit Civil Service Commission for failure to meet the residence requirement where the complaint sought injunctive relief reinstating plaintiff.

DISSENT BY O'HARA, J.

3. ADMINISTRATIVE LAW—CIVIL SERVICE—SOURCE OF AUTHORITY.

*The authority of a city's civil service commission to promulgate and enforce rules exists because it has been delegated by the city; a trial court properly dismissed a complaint by a discharged employee seeking reinstatement where the complaint alleged the civil service commission's lack of enforcement power.*

4. ADMINISTRATIVE LAW—DELEGATED AUTHORITY—APPEAL AND ERROR.

*Judicial power properly intrudes on the implicitly delegated enforcement power of a civil service commission only when*

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur 2d, Civil Service § 21.
[2, 3] 15 Am Jur 2d, Civil Service §§ 6, 8.
[4] 15 Am Jur 2d, Civil Service §§ 45, 47, 48.

*there is an abuse of that power as when the commission's
action is arbitrary, capricious, or beyond the scope of the power
implicitly delegated.*

Appeal from Wayne, Victor J. Baum, J. Submitted Division 1 October 13, 1972, at Detroit. (Docket No. 12062.) Decided July 23, 1973. Leave to appeal granted, 390 Mich 768.

Complaint by Michael A. Gantz against the City of Detroit and others for injunctive relief from his discharge from employment. Complaint dismissed. Plaintiff appeals. Reversed and remanded.

*Schlussel, Lifton, Simon, Rands & Kaufman,* for plaintiff.

*Michael M. Glusac,* Corporation Counsel, and *John R. McKinlay* and *Francis J. Pipp,* Assistants Corporation Counsel, for defendants.

Before: BRONSON, P. J., and FITZGERALD and O'HARA,* JJ.

BRONSON, P. J. Early in 1971 plaintiff was employed in the controller's office of the defendant City of Detroit. Such employees are required to live within the city unless specifically excused from such requirement. (See *Williams v Detroit Civil Service Commission,* 383 Mich 507, 513; 176 NW2d 593, 596 [1970]). After the City had received an anonymous letter, the Civil Service Commission conducted an investigation and determined that plaintiff did not reside within the City of Detroit.

The Civil Service Commission allowed the plaintiff 60 days within which to reestablish his residence within the City of Detroit, and further ordered that if plaintiff did not so reestablish his

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

residence, his position would be declared vacant. Plaintiff filed suit in the Wayne County Circuit Court alleging that the Civil Service Commission was without authority or jurisdiction to discharge him or declare his position vacant. Plaintiff also alleged certain irregularities in the Civil Service Commission procedures which led to his discharge. The records of the city indicate that plaintiff was removed from the payroll pursuant to the above action by the Civil Service Commission. Further, for purposes of this lawsuit, the plaintiff conceded that he was not a resident of the City of Detroit. The trial court denied plaintiff's request for injunctive relief, and *sua sponte* dismissed plaintiff's complaint. Plaintiff appeals and again alleges that the Civil Service Commission was without authority to act as it did and that its procedures were irregular.

This case specifically raises the issue left undecided by our Supreme Court in *Williams, supra,* when it said:

" \* \*⁄\* we decline to pass upon the question of enforcement of the rule by discharge of an employee, whether by the commission or by an appointing authority."

In this Court's disposition of the *Williams* case (which the Supreme Court reversed) we held that:

"The appointing authority, not the [Detroit Civil Service] commission, decides when, if at all, to discharge an employee. Rule VII [of the Commission], which seeks to impose a mandate on the appointing authority and to compel discharge for nonresidence, exceeds the power of the commission to promulgate or enforce." *Williams v Detroit Civil Service Commission,* 15 Mich App 55, 61; 166 NW2d 309, 313 (1968).

As indicated by the Supreme Court in their deci-

sion in *Williams,* that decision dealt with the authority of the Civil Service Commission to promulgate such a rule, and not with the authority of the Commission to enforce the rule.

In this case, the trial court held on the issue of enforcement:

" * * * it would be most far-fetched to think that the body which created this rule had no enforcement power at all, that is, power to enforce its own rule."

Our response to this holding is, first, that there is a good deal of precedent for separating the power to make laws, and the power to execute them; and, second, we adopt the rationale of this Court's prior holding in *Williams,* 15 Mich App 55; 166 NW2d 309 (1968), and hold here that the Civil Service Commission is without authority to enforce the residency regulation.

In view of our holding on this issue, it is not necessary for us to consider plaintiff's other argument. The trial court's order dismissing plaintiff's complaint is set aside, and this cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

FITZGERALD, J., concurred.

O'HARA, J. *(dissenting).* I agree with the trial judge. It is hardly a novel concept that under our system of government there is a difference between the power to make laws and to enforce them.

However, in the case at bar we deal not with a conflict in authority to make or enforce law, but with a *delegation* of authority and the implicit authority to enforce the delegated power. Our

whole national and state system of delegation of power is replete with examples of Congressional and state legislative implicit grants of enforcement power to the concerned board, bureau, or commission. The judicial power properly intrudes only when there is an abuse of the delegated power. If the action of the commission is arbitrary, capricious, or beyond the scope of the power delegated, judicial review is available. The case at bar charges no abuse of delegated enforcement power, merely that such power does not exist.

I hold that it does, and that it is subject to judicial supervision as above noted.

I would affirm the trial judge.