MONTIY v CIVIL SERVICE BOARD OF THE CITY OF EAST
DETROIT

1. APPEAL AND ERROR—ADMINISTRATIVE AGENCIES—EVIDENCE—ISSUES
   OF FACT—CONSTITUTIONAL LAW.

   A court reviewing an administrative tribunal decision reviews the
   original record to determine if the decision is supported by
   competent, material and substantial evidence, and will over-
   turn a decision only when such decision is contrary to law, or is
   not supported by the necessary competent, material and sub-
   stantial evidence; the court is without power to determine
   issues of fact that are disputed (Const 1963, art 6, § 28).

2. COURTS—STATUTES—ORDINANCES—INTERPRETATION—LEGISLATIVE
   INTENT.

   A court, in interpreting a statute or ordinance, must determine
   legislative intent from a consideration of all of the provisions of
   the enactment, and the purpose sought to be accomplished by
   it, and seeks to find a meaning which is reasonable and which
   gives effect to all parts of it; to effect this purpose, every clause
   and every word of the enactment is presumed to have some
   force and meaning, one part of a statute must not be so
   construed as to render another part nugatory or ineffective,
   and if there is any proper way in which claimed inconsistencies
   may be reconciled, the court will do so.

3. MUNICIPAL CORPORATIONS—CIVIL SERVICE COMMISSION—SUSPEN-
   SION OF EMPLOYEE—NOTICE—DUE PROCESS—ADMINISTRATIVE
   LAW.

   The notice provision of a city's civil service rules, which requires
   a department head to give a suspended employee a written
   statement of the reasons for his suspension within 24 hours
   after it takes effect and file a copy thereof with the Civil
   Service Board, is designed to see that the suspended employee

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 618, 619, 697–705.
[2] 73 Am Jur 2d, Statutes §§ 145, 146, 271–276.
[3] 15 Am Jur 2d, Civil Service §§ 28, 33, 34.
[4] 1 Am Jur 2d, Administrative Law §§ 21, 676.

is accorded procedural due process; the civil service commission's actions in ruling that an employee's suspension was not effective until written notice was served did not prejudice an employee who received his notice more than 24 hours after his suspension because the ruling secured to the employee the full benefits of his position while maintaining all procedural safeguards (East Detroit Civil Service Rule 7.4).

4. ADMINISTRATIVE LAW—SUPERINTENDING CONTROL—ADMINISTRATIVE AGENCIES—MATERIAL PREJUDICE—STATUTES.
An order of superintending control in regard to procedural irregularities of an administrative tribunal should issue only if the plaintiff shows that unlawful procedure resulted in "material prejudice" to him (MCLA 24.306).

Appeal from Macomb, Hunter D. Stair, J. Submitted Division 2 June 7, 1974, at Detroit. (Docket No. 18775.) Decided July 25, 1974.

Complaint by Donald Montiy, Jr., and Brian Kozlowski for an order of superintending control against the Civil Service Board of the City of East Detroit to revoke their suspension from work. Complaint dismissed. Plaintiffs appeal. Affirmed.

*Harris & Blank,* for plaintiffs.

*Carl B. Weymouth,* City Attorney, and *Robert J. Hribar,* Assistant City Attorney, for defendant.

Before: BRONSON, P. J., and BASHARA and VAN VALKENBURG,* JJ.

BASHARA, J. This case resulted from the suspension of plaintiffs Donald Montiy, Jr., and Brian Kozlowski as police officers by the City of East Detroit for alleged insubordination. At a hearing held by defendant Civil Service Board of East Detroit, their suspensions were ostensibly upheld.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Plaintiffs thereafter brought this action for superintending control in the Macomb County Circuit Court pursuant to GCR 1963, 711. From an order denying their request for an order of superintending control and dismissing their complaint, plaintiffs appeal as of right.

Plaintiffs were suspended on July 7, 1973 at approximately 8:30 p.m. pursuant to rule 7.4 of the civil service rules of the City of East Detroit. This section provides:

"A department head may, for disciplinary purposes, suspend a classified employee without pay for a period not to exceed 15 days at any one time. In every such case the department head shall, within 24 hours after the suspension takes effect, give the employee a written statement of the reasons for such action and shall, on the same date, file a copy thereof with the civil service board."

Plaintiffs Montiy and Kozlowski were served with written notice under rule 7.4 on July 9, 1973 at 2:20 p.m. and 1:15 p.m. respectively. Plaintiffs contend that the notice served by the City of East Detroit to plaintiff Montiy was 18 hours late and to plaintiff Kozlowski 16 hours and 45 minutes late under rule 7.4 and consequently the 24-hour requirement was not met by the City of East Detroit.

Following a full hearing defendant held the suspension of plaintiffs valid, but only from the time that written notice was actually served.

"It is the decision of the civil service board that Patrolman Brian Kozlowski be reimbursed for time lost prior to 1:15 p.m., July 9, 1973, when a written notice was given to him by Sergeant Morrissett. Time lost after 1:15 p.m., July 9, 1973, is not to be reimbursed. This is not to be construed as a decision on the merits

which gave rise to the suspension. It is also the decision of the civil service board that Patrolman Donald Montiy, Jr. be reimbursed for time lost prior to 2:20 p.m., July 9, 1973, when a written notice was given to him by Sergeant Morrissett. Time lost after July 9, 1973, is not to be reimbursed. This is not to be construed as a decision on the merits which gave rise to the suspension."

The circuit court held that there was sufficient evidence in the record to sustain the decision of the defendant and therefore ordered the complaint for an order of superintending control dismissed.

We note at the outset that the administrative review by way of superintending control is limited in nature. In *Detroit v General Foods Corp,* 39 Mich App 180, 190; 197 NW2d 315, 321 (1972), this Court summarized the standards for judicial review of an administrative tribunal as follows:

"When a court reviews an administrative tribunal decision, it reviews the original record to determine if the decision is supported by competent, material and substantial evidence, and will overturn a decision only when such decision is *contrary to law,* or *is not supported by the necessary competent, material* and *substantial* evidence. Const 1963, art 6, § 28. We point out that under certiorari we are without power to determine issues of fact that are disputed. In the instant case the facts are undisputed. The question presented is one of law."[1]

In *O'Dell v Flint Civil Service Comm,* 328 Mich 631, 637; 44 NW2d 157, 160 (1950), the Michigan Supreme Court reiterated its earlier pronouncement on administrative review as stated in *Carroll v City Comm of Grand Rapids,* 266 Mich 123; 253 NW 240 (1934), where the Court stated:

---

[1] GCR 1963, 711.3 has provided that the writ of certiorari is now superseded by an order of superintending control.

" 'The office of a certiorari is not however to review questions of fact, but questions of law. And in examining into the evidence the appellate court does so not to determine whether the probabilities preponderate one way or the other but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, whether that inference would or would not have been drawn by the appellate tribunal.' *Jackson v People,* 9 Mich 111 (77 Am Dec 491) [1860]."

In the case at bar we are squarely faced with the question of statutory interpretation of rule 7.4 of the civil service commission of East Detroit. Specifically, the issue is whether the failure to give written notice within 24 hours voided the suspension or simply delayed its effectiveness until proper notice was given. It is to be remembered that plaintiffs do not dispute the fact that their hearing was in accordance with procedural due process, nor were they prejudiced by the 16 and 18 hour delays in written notice since their suspensions were modified accordingly.

In reviewing an interpretation of a statute or ordinance this Court stated in *Detroit v General Foods Corp, supra,* page 192:

" 'As the well established rule has been otherwise stated, legislative intent must be determined from a consideration of all of the provisions of the enactment, and the purpose sought to be accomplished by it, and the courts seek to find a meaning which is reasonable and which gives effect to all parts thereof. To effect this purpose, every clause and every word of the enactment is presumed to have some force and meaning, and one part of a statute must not be so construed as to render another part nugatory or ineffective. If there is any proper way in which claimed inconsistencies may be reconciled, the court will do so.' 21 Michigan Law & Practice, Statutes, § 95, p 101."

In examining the purpose of the notice provision of rule 7.4, we believe that it was designed to see that suspended patrolmen were accorded procedural due process. In this regard we believe that the 24-hour requirement was intended to alleviate the fear of a perpetual state of limbo in which a suspended patrolman might exist, without pay and without a hearing. The actions of the civil service commission in ruling that the suspensions were not effective until written notice was served, secured to plaintiffs the full benefits of their position while maintaining all procedural safeguards. Plaintiffs were provided with adequate time to prepare with a full written notice in conformity with rule 7.4 and were given a full and fair hearing before defendant. The decision of the civil service board was clearly in conformity with any purpose the rule was designed to serve. Plaintiffs have in fact never disputed the fairness or procedural propriety of their hearing.

Finally, while the actions of a city civil service commission do not come within the scope of the Administrative Procedures Act, MCLA 24.201, *et seq.;* MSA 3.560(101), *et seq.;* we nevertheless believe that an examination of that act's provisions indicates the legislative intent in regard to the effect of procedural errors in administrative actions.

MCLA 24.306; MSA 3.560(206) provides:

"(1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:

\* \* \*

"(c) Made upon unlawful procedure resulting in *material prejudice* to a party." (Emphasis supplied.)

The key to this section is the phrase "material prejudice". We believe that such a showing is embodied within and crucial to the issuance of any order of superintending control in regard to procedural irregularities of an administrative tribunal. Admittedly there was no material prejudice in this case. Consequently we believe that the order of superintending control was properly denied.

Affirmed. No costs, a public question being involved.

All concurred.