GANTZ v CITY OF DETROIT (ON REMAND)

OPINION OF THE COURT

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE—RESIDENCY RULE—
   QUESTION OF LAW—REMAND.

   The question of whether a municipal civil service commission has
   power to enforce its residency rule by vacating the position of a
   civil service employee who violates that rule is a question of
   law where the employee stipulated he was a nonresident; the
   question cannot possibly generate issues of fact for which
   remand should be made to take testimony or make a record.

2. MUNICIPAL CORPORATIONS—CIVIL SERVICE—EMPLOYEES—DIS-
   CHARGE OF EMPLOYEE—DEPARTMENT HEAD—RESIDENCE—ELIGI-
   BILITY FOR EMPLOYMENT—APPROVAL OF PAYROLL—VACATION OF
   POSITION—DISCIPLINARY MATTERS.

   The Detroit Civil Service Commission does not discharge an
   employee as would a department head; when an employee who
   is required to reside within the city limits ceases to be a city
   resident, he becomes ineligible for continued employment, and
   the commission has a duty to refuse to approve the name of the
   ineligible employee on the payroll and to vacate the employee's
   position; disciplinary matters are left with the department
   heads, however, the commission retains the right to police the
   administration of requirements of eligibility for continued em-
   ployment.

CONCURRENCE BY M. J. KELLY, J.

3. CONSTITUTIONAL LAW—PROCEDURAL DUE PROCESS—MUNICIPAL
   CORPORATIONS—RESIDENCY REQUIREMENTS—SUPERINTENDING
   CONTROL—INJUNCTION—DISMISSAL AND NONSUIT.

   *There was no denial of procedural due process to a city employee*

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 15 Am Jur 2d, Civil Service § 21.
[6] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 56, 57.
[7] 73 Am Jur 2d, Summary Judgment § 12 *et seq.*
[8, 9] 15 Am Jur 2d, Civil Service §§ 6, 8.
[10] 15 Am Jur 2d, Civil Service § 38.
[11] 73 Am Jur 2d, Stipulations § 8.
[12] 15 Am Jur 2d, Civil Service § 47.

*who was required to reside within the city limits where his position as a city employee was declared vacant because he did not comply with the residency requirements, he sought superintending control and injunctive relief against discharge, he stipulated at a hearing that he was not a resident, and the judge dismissed plaintiff's complaint.*

4. MUNICIPAL CORPORATIONS—REMAND—DISCHARGE—RESIDENCY REQUIREMENTS—STIPULATION.

*There would be no effect in sending a case back on remand where a nonresident city employee sought relief against discharge for failure to comply with requirements for residency within the city limits but stipulated to nonresidency; the ultimate fact is uncontested.*

5. ESTOPPEL—STIPULATION—NONRESIDENCY—DISCHARGE—RESIDENCY REQUIREMENTS—CIVIL SERVICE—MATERIAL PREJUDICE.

*By stipulating to the determinative substantive fact of nonresidency, a plaintiff who sought relief against discharge for failure to comply with requirements for residing within the city limits must be estopped from asserting lack of compliance with adjectival, temporizing matters; the allegation that a civil service commission failed to follow its own rules should not be addressed where it is clear that if the civil service commission, the city and other parties together followed the proper procedures, the result would be the vacation of plaintiff's job or his dismissal from it.*

DISSENT BY BRONSON, J.

6. DISMISSAL AND NONSUIT—FAILURE TO STATE CLAIM—COURT RULES.

*Dismissal is treated as one for failure to state a claim upon which relief can be granted where plaintiff's complaint was dismissed without taking testimony and without submission of affidavits from the parties; when considering a dismissal upon that ground, the factual allegations of the plaintiff are accepted as true along with any conclusion reasonably drawn therefrom (GCR 1963, 117.2[1]).*

7. JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—ISSUES OF FACT—COURT RULES.

*Summary judgment on the pleadings is not proper on a motion to dismiss for failure to state a cause of action where resolution of the legal issue may depend on factual context (GCR 1963, 117.2[1]).*

8. Municipal Corporations—Civil Service—Material Prejudice—Dismissal and Nonsuit.

*A city civil service board must follow its own rules and reversal of its orders will occur if failure to follow those rules results in "material prejudice"; therefore, a plaintiff's action, which alleged that the Detroit Civil Service Commission failed to follow its own rules in two respects, was improperly dismissed since a showing of "material prejudice" at trial requires reversal where the plaintiff's version of the facts supports a valid cause of action.*

9. Dismissal and Nonsuit—Summary Judgment—Fair Hearing—Due Process—Burden of Proof—Civil Service—Court Rules.

*A plaintiff's version of the facts supports a valid cause of action where he alleged in his complaint that he was denied a fair hearing and his right to procedural due process because the burden of proof was reversed at a civil service hearing and he was prevented from cross-examining the witnesses against him because no witnesses were called to the hearing; therefore, plaintiff's cause of action was legally sufficient to survive dismissal under a motion for summary judgment on the ground that the opposing party failed to state a claim upon which relief can be granted (GCR 1963, 117.2[1]).*

10. Dismissal and Nonsuit—Due Process—Evidence—Civil Service.

*The due process requirement of a full consideration and a fair determination according to the evidence mandates consideration of more than the report of the fact finder whose decision is being reviewed; therefore, a plaintiff's allegation that a municipal civil service commission relied totally upon a hearing officer's report and did not independently review the evidence was legally sufficient and the trial judge improperly dismissed the action prior to the presentation of evidence.*

11. Stipulations—Courts.

*A trial court may not accept a limited stipulation and extend its legal effect beyond what was reasonably contemplated by the party making it because to do so would unduly inhibit the future use of a valuable procedural device at the trial court level.*

12. Dismissal and Nonsuit—Injunction—Discharge—Nonresidence—Stipulations—Summary Judgment—Admission.

Sua sponte *dismissal of a complaint to enjoin enforcement of*

*discharge for nonresidence on the basis of a "special" stipulation of nonresidency made by plaintiff's counsel at a show cause hearing was improper where the allegations in the complaint were legally sufficient to avoid summary judgment, the sufficiency of the complaint was not in issue at the show cause hearing, and plaintiff had no intention of making a general admission.*

Appeal from Wayne, Victor J. Baum, J. Submitted October 13, 1972, at Detroit. (Docket No. 12062.) Decided November 12, 1975.

Complaint by Michael A. Gantz against the City of Detroit and others for injunctive relief from his discharge from employment. Complaint dismissed. Plaintiff appealed to the Court of Appeals. Reversed and remanded, 48 Mich App 305 (1973). Defendants appealed to the Supreme Court, which reversed the Court of Appeals and affirmed the trial court, 392 Mich 348 (1974). Then by order the Supreme Court remanded to the Court of Appeals, 392 Mich 369 (1974). Trial court affirmed.

*Schlussel, Lifton, Simon, Rands & Kaufman,* for plaintiff.

*Michael M. Glusac,* Corporation Counsel, and *John R. McKinlay* and *Francis J. Pipp,* Assistants Corporation Counsel, for defendants.

Before: BRONSON, P. J., and M. J. KELLY and O'HARA,* JJ.

## ON REMAND

O'HARA, J. This case is before us under the following order of remand:

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"On order of the Court, an application for rehearing having been filed herein, this Court recognizes that it erred in not noticing that the stipulation of non-residency was 'special'. Accordingly, the Court reaffirms its opinion and reversal of the Court of Appeals but vacates its affirmance of the trial court order. This cause is remanded to the Court of Appeals for further consideration in light of these facts and the Court's opinion at 392 Mich 348 (1974). Costs to defendants-appellants for proceedings in this Court only." 392 Mich at 369.[1]

It is somewhat difficult to be sure exactly what issues this Court is required to discuss.

Mr. Justice WILLIAMS, who authored the original majority opinion, states:

"The issue before this Court, specifically reserved for consideration in *Williams v Detroit Civil Service Commission,* 383 Mich 507, 513; 176 NW2d 593 (1970), is whether the Civil Service Commission has power to enforce its residency rule by vacating the position of a civil service employee who violates that rule." *Gantz v Detroit,* 392 Mich 348, 353; 220 NW2d 433 (1974).

Mr. Justice LEVIN in the original dissenting opinion writes:

"The question addressed by this Court 'is whether the

---

[1] For the history of the present case, *see* 48 Mich App 305; 210 NW2d 459 (1973); *rev'd* 392 Mich 348; 220 NW2d 433 (1974); *remanded* 392 Mich 369; 224 NW2d 278 (1974).

It should also be noted that the order of remand in the instant case was inadvertently set forth at page 219 following the Supreme Court's opinion in *Goodwin, Inc v Orson E Coe Pontiac, Inc,* 392 Mich 195; 220 NW2d 664 (1974). In like manner the order of remand in *Goodwin, supra,* was erroneously printed at page 369 following the *Gantz* opinion. By the time this opinion is available to the Bench and Bar the appropriate changes may have been made in the permanent volume of 392 Michigan Reports.

Civil Service Commission has power to enforce its residency rule by *vacating the position* of a civil service employee who violates that rule.' " (Emphasis in original.) 392 Mich at 363.

Then, if I follow Justice LEVIN correctly, he makes the point that there is no practical difference between the status of a discharged employee and one whose position is vacated. The basic point he makes, as I understand it, in the balance of the opinion, is that there is a world of difference between the power to set up standards for employment, in the first instance, and the power to terminate that employment for stipulated lack of residency.

I am unable to apprehend how this question can possibly generate issues of fact for which remand should be made to take testimony or make a record.

The question is purely and simply one of law. The involved employee certainly knew this. He stipulated he was a nonresident. If he had not been there would have been no lawsuit. Plaintiff challenged the legality of this requirement as a condition of continuing employment. He had every incident of due process that could be afforded. He not only had notice, but an invitation to comply with the residence requirement voluntarily without any penalty. He had representation by counsel. He was free to make any sort of record he chose to.

Lawsuits ought to end sometime. This one has been going on for four years. The issue, as above noted, is one of law. I am more persuaded by the *ratio decidendi* of the majority than I am by that of the minority view. I am particularly impressed by the closing paragraphs of the majority opinion.

"The Civil Service Commission does not discharge an employee as would a department head. When an employee ceases to be a resident, he becomes ineligible for continued employment; the commission has a duty to refuse to approve the name of the ineligible employee on the payroll and to vacate the employee's position. Disciplinary matters are left with the department heads; however, the Civil Service Commission retains the right to police the administration of requirements of eligibility for continued employment." 392 Mich at 362–363.

I do not know of anything else I can discuss. I feel I have followed the order of remand, and amplified the reasons for my original holding. I adhere to that position.

I vote to affirm the trial judge.

M. J. KELLY, J. *(concurring).* On March 30, 1971 plaintiff's position as a city employee was declared vacant if he did not comply with residency requirements within 60 days. Plaintiff filed suit instead, asking superintending control by the circuit court and injunctive relief against discharge.

At hearing in the circuit court on petition for temporary restraining order, plaintiff stipulated he was not a resident. The circuit judge not only denied the temporary relief requested, he *sua sponte* dismissed plaintiff's complaint.

The appeals commenced. The residency requirement was again upheld,[1] the trial court's judgment affirmed, *Gantz v Detroit,* 392 Mich 348; 220 NW2d 433 (1974), and then the trial court's order vacated on rehearing, 392 Mich 369;[2] 224 NW2d 278 (1974), with instructions to this Court to decide, in effect, if the plaintiff's claim of denial of

[1] Following *Williams v Civil Service Commission of Detroit,* 383 Mich 507; 176 NW2d 593 (1970).

[2] Originally printed at 392 Mich 219.

procedural due process had merit. I concur with Judge O'HARA and hold that it does not.

The Supreme Court instructs us to note that plaintiff's stipulation of nonresidency was "special" for purposes of hearing on the motion. In the context of the argument below it appears to have been so designated to insulate plaintiff from any ancillary or criminal proceeding. After accepting the stipulation the court said:

> "*The Court:* If a criminal penalty can attach under the ordinance, it wouldn't make any difference just how we got the plaintiff to supply testimony that could lead to his conviction whether in this proceeding or some other proceeding. It would be self-incriminatory, and he would have a privilege to keep it out. I suppose that may be superabundant caution, but because of what I am thinking, I would like to accept the concession limited to that very narrow purpose, and then dismiss or deny—deny the relief requested on the order to show cause and dismiss the complaint."

What would be the effect of sending this back on remand? This is not analogous to an evidentiary hearing in a criminal proceeding. Here the ultimate fact is uncontested. If we say on the one hand that the Civil Service Commission's "initiative in this area is clearly beyond its authority", 392 Mich 348, 367, Justice LEVIN's dissent, we must say on the other hand that the controller, or other proper appointing authority, must discharge. Why go round in a circle? The city is a party, the controller its agent. The residency requirement is viable and in Justice LEVIN's further words compels discharge:

> "The appointing authority, not the commission, decides when, if at all, to discharge an employee. Rule VII, which imposes a mandate on the appointing au-

thority and compels discharge for nonresidence, exceeds the commission's power to promulgate or enforce." *Supra.*

This case does not seem to me to be the proper vehicle for clearing up the confusion caused by the procedural complexities of the Civil Service Commission's exercising an amalgam of overlapping and perhaps conflicting powers. Can we allow the plaintiff to say, complaint, ¶ 11:

"That pursuant to a) Title 4, Chapter 2, § 18 of the Charter of the City of Detroit, and b) Rule X, § 1 of the Rules of the Civil Service Commission of the City of Detroit, the power to select appropriate discipline, including the power of removal or discharge, is placed with the department head appointing an employee and not with The Civil Service Commission";

while on the strength of his stipulation in open court conceding:

"I should have been fired by the controller instead"?

The trial judge went to the heart of the matter and decided the controversy. By his stipulation to the determinative substantive fact of nonresidency plaintiff must be estopped from asserting lack of compliance with adjectival, temporizing matters. The allegation that the Civil Service Commission failed to follow its own rules should not be addressed where it is clear that if the Civil Service Commission, the city and other parties together followed the proper procedures, the result would be the vacation of plaintiff's job or his dismissal from same. There could be no "material prejudice"

here. *Montiy v Civil Service Board of East Detroit,*
54 Mich App 510; 221 NW2d 248 (1974).

I concur with Judge O'HARA.

BRONSON, J. *(dissenting).* Plaintiff was employed
as a senior governmental analyst for the City of
Detroit controller's office in early 1971. Such em-
ployees are required to reside within the city
limits of Detroit pursuant to Detroit Civil Service
Commission (DCSC) rules. At that time, the DCSC
was informed through an anonymous letter that
defendant was not a resident of Detroit. After
receiving that letter, the commission commenced
an investigation to determine if plaintiff in fact
was a resident of Detroit.

Plaintiff was first notified of this situation by a
letter dated February 24, 1971. That letter was
from a Mr. Eugene Sokolov, who had been desig-
nated by the commissioners as a "residence hear-
ing officer". The letter stated that the Civil Service
Commission "has conducted an investigation and
obtained evidence that you are a non-resident",
and that a "hearing" was scheduled for March 3,
1971. Plaintiff was told that he could present
evidence to establish his residence in conformance
with the rules.

The "hearing" before Mr. Sokolov was held on
March 17, 1971, and plaintiff appeared with coun-
sel. On advice of his attorney, plaintiff refused to
answer any questions regarding his residence. At
the next DCSC meeting, held on March 30, 1971
and attended by two of the four commissioners,
the decision was made to declare plaintiff's posi-
tion "vacant" if he did not re-establish residence
within 60 days. The minutes of that meeting indi-
cate that the commissioners based their decision
upon the facts developed at the Sokolov hearing.

However, it is unclear whether they independently reviewed the evidence of non-residence or simply relied upon the summary of such in Mr. Sokolov's report.

Plaintiff instituted suit in circuit court seeking to enjoin enforcement of his discharge. He alleged that the Detroit Civil Service Commission was without authority or jurisdiction to discharge him, and also that the commission failed to follow proper procedures to effectuate his discharge. On May 24, 1971, the trial judge ordered the defendants to show cause why a temporary injunction should not be issued. At the show cause hearing, held on June 4, 1971, the trial judge denied plaintiff's request for a temporary injunction, and, further, *sua sponte* dismissed plaintiff's complaint.

This Court in *Gantz v Detroit,* 48 Mich App 305; 210 NW2d 459 (1973), reversed the trial court's order dismissing the complaint. We held that the Detroit Civil Service Commission lacked authority to enforce the residence regulation. Since the case was reversed upon that ground, this Court never addressed itself to the allegation of irregularities in the discharge procedure.

The Michigan Supreme Court in *Gantz v Detroit,* 392 Mich 348; 220 NW2d 433 (1974), reversed the Court of Appeals decision, holding that the Civil Service Commission did have the right to vacate plaintiff's position for failure to fulfill the residency requirements. That Court first affirmed the trial court's decision, but, after rehearing, that affirmance was vacated, and the case remanded to us, *Gantz v Detroit,* 392 Mich 369; 224 NW2d 278 (1974).

Since the trial judge dismissed plaintiff's complaint without taking testimony and without sub-

mission of affidavits from the parties, we treat that dismissal as one for failure to state a claim upon which relief can be granted, GCR 1963, 117. 2(1). When considering a dismissal upon that ground, the factual allegations of the plaintiff are accepted as true along with any conclusions reasonably drawn therefrom, *Meyering v Russell,* 53 Mich App 695, 707; 220 NW2d 121 (1974), *rev'd on other grounds,* 393 Mich 770; 224 NW2d 280 (1974). The *legal* sufficiency of the pleadings is involved:

"The test which the court should apply in considering motions under GCR 1963, 117.2(1) is whether plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. In a case such as the one now before us, where the resolution of the legal issue may depend greatly upon the factual context, summary judgment on the pleadings is never proper." *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972).

In his complaint, plaintiff first alleged that the Detroit Civil Service Commission failed to follow its own rules in two respects: (1) by appointing a non-commissioner, Mr. Sokolov, to hold a "hearing", while civil service rules permit only commissioners to do so; and (2) by vacating plaintiff's position at a Civil Service Commission meeting at which less than a quorum was present. We have previously held that a city civil service board must follow its own rules, and that reversal will occur if failure to follow those rules results in "material prejudice", *Montiy v Civil Service Board of East Detroit,* 54 Mich App 510; 221 NW2d 248 (1974). Defendants in their answer and brief on appeal raise only *factual* issues in opposition to this

claim.[1] Since a showing of "material prejudice" at trial requires reversal under plaintiff's view of the facts, we hold that the trial judge improperly dismissed this cause of action.

Plaintiff secondly alleged in his complaint that he was denied a fair hearing and his right to procedural due process because: (1) the burden of proof was reversed and placed upon plaintiff at the Sokolov hearing, and (2) no witnesses were called to the hearing held by Mr. Sokolov, preventing plaintiff from cross-examining the witnesses against him. Defendants again denied plaintiff's cause of action by raising a factual dispute.[2] We hold that plaintiff's version of the facts again supports a valid cause of action.

We have previously held that any hearing affecting an "important interest" must comply with "rudimentary due process", *Sponick v Detroit Police Department,* 49 Mich App 162, 188–189; 211 NW2d 674 (1973). Those due process standards have been directly applied to residency hearings before the Detroit Civil Service Commission, *Grable v Detroit,* 48 Mich App 368; 210 NW2d 379 (1973). Consistent with plaintiff's first claim of a due process violation, it has been held that a

[1] Defendants assert that: (1) the proceedings held by Mr. Sokolov constituted an investigatory hearing, and noncommissioners are authorized by the rules to conduct investigations; and (2) the action of vacating plaintiff's position was ratified and confirmed at the next meeting of the Civil Service Commission at which a quorum was present. Since plaintiff denies that characterization of the hearing and the fact that the ratification occurred, an issue for the finder of fact is presented.

[2] Defendants first contend that the burden of proof in fact was not shifted to plaintiff. Instead, they assert, plaintiff was merely required to go forward with the evidence after a prima facie case was made out by defendants.

Secondly, defendants assert that the evidence used by the Civil Service Commission was fully revealed at the Sokolov hearings. They argue that plaintiff never objected to a lack of opportunity to cross-examine the sources of the information at that hearing.

shifting of the burden of proof to the party
charged can prevent a "fair determination" based
upon the evidence, turning the hearing into an
"accusatory proceeding", *Napuche v Liquor Con-
trol Commission,* 336 Mich 398, 403–404; 58 NW2d
118 (1953), *Grable v Detroit, supra.* Consistent
with his second, due process includes the right to
confront and cross-examine the adverse witnesses,
*Sponick v Detroit Police Department, supra, Na-
puche v Liquor Control Commission, supra.* There-
fore, we hold that plaintiff's second cause of action
was legally sufficient to survive dismissal under
GCR 1963, 117.2(1).

Plaintiff's final allegation is that the Civil Ser-
vice Commission relied totally upon Mr. Sokolov's
report, and did not independently review the evi-
dence. We hold that in most circumstances the due
process requirement of "[a] full consideration and
a fair determination according to the evidence",
*Napuche v Liquor Control Commission, supra,* at p
404, mandates consideration of more than the
report of the fact finder whose decision is being
reviewed. This allegation, then, was legally suffi-
cient, and the trial judge improperly dismissed it
prior to the presentation of evidence.

The analysis above remains unchanged by the
"special" stipulation made by plaintiff's counsel at
the show cause hearing. At that hearing only a
motion for a temporary injunction was to be con-
sidered. The concession of nonresidency was made
for purposes of argument on that motion:

   *"The Court:* Mr. McKinlay, it has been conceded,
although off the record, that *for purposes of this motion
and the argument heard on it, and only for such limited
purpose,* that the plaintiff is not a resident of the City
of Detroit.
   *"Mr. McKinlay:* They are willing to stipulate to that.

"*The Court:* There has been such a concession?

"*Mr. Simon:* Yes, your Honor, *for these purposes only.*

"*The Court:* Right." (Emphasis added.)

Since the sufficiency of the complaint was not to be in issue at that hearing, plaintiff clearly had no intention of making a general admission affecting it.

Special stipulations at the trial court level are not unusual, and should be encouraged. They often aid in limiting the issues under consideration in ruling on specific motions, and, consequently, facilitate the speedy disposition of cases in our trial courts. In fact, it was quite logical for plaintiff to make a limited stipulation here. Allowing the issuance of the injunction to rest on resolution of legal issues alone greatly simplified matters. In addition, the trial judge would be more inclined to proceed to determine the legal authority of the Civil Service Commission at a limited show cause hearing than to resolve the complex factual issues concerning the procedures followed to implement that authority.

Unfortunately for plaintiff, the trial court took this limited stipulation and used it as a basis for granting *its own additional motion* to dismiss the complaint. Although the trial judge ascribed motives of avoiding criminal prosecution to the limited nature of the stipulation, nothing in the record substantiates that view. I am not willing to allow the trial court to accept a limited stipulation and extend its legal effect beyond what was reasonably contemplated by the party making it. To do so would unduly inhibit the future use of a valuable procedural device at the trial court level.

There was simply no admission as to plaintiff's nonresidency for purposes of determining the suffi-

ciency of his complaint. Since the allegations in the complaint were legally sufficient to avoid summary judgment, the trial judge improperly dismissed plaintiff's complaint.

I vote to reverse and remand.