GANTZ v CITY OF DETROIT

Docket No. 58420. Decided May 2, 1977. On application by plaintiff
for leave to appeal the Supreme Court, in lieu of granting leave
to appeal, reversed the decision of the Court of Appeals and
remanded for further proceedings.

Michael A. Gantz, a civil service employee of the City of Detroit,
was discharged from his employment for failure to comply with
a Detroit Civil Service Commission rule requiring him to live
within the city. He brought a complaint seeking injunctive
relief from the action of the Detroit Civil Service Commission
against the City of Detroit and others. The Wayne Circuit
Court, Victor J. Baum, J., dismissed the complaint; the Court of
Appeals, Bronson, P. J., and Fitzgerald, J. (O'Hara, J., dissent-
ing), reversed and remanded (Docket No. 12062). 48 Mich App
305; 210 NW2d 459 (1973). The Supreme Court reversed the
decision of the Court of Appeals, but on rehearing, modified its
decision and remanded to the Court of Appeals for further
consideration. 392 Mich 348, 369; 220 NW2d 433, 224 NW2d
278 (1974). On remand, the Court of Appeals, O'Hara, J. (M. J.
Kelly, J., concurring, and Bronson, P. J., dissenting), affirmed
the judgment of the trial court. Plaintiff applies for leave to
appeal. *Held:*

The stipulation of the plaintiff's nonresidency was made only
for the purposes of the hearing on the temporary injunction to
facilitate resolution of the legal question concerning the author-
ity of the city's civil service commission. No evidence showing
that the plaintiff was a nonresident was produced in the civil
service proceedings. Due process of law requires that the deter-
mination of a disputed question of fact be based on evidence.
The burden is on the civil service commission to produce
evidence in support of its allegation of nonresidence.

The decision of the Court of Appeals is reversed and re-

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Stipulations §§ 8–10.
[2] 16 Am Jur 2d, Constitutional Law §§ 578, 579.
[3] 63 Am Jur 2d, Public Officers and Employees §§ 538–541.

manded to the circuit court for remand to the Detroit Civil Service Commission for further proceedings.

65 Mich App 380; 237 NW2d 477 (1975) reversed.

1. STIPULATIONS—COURTS—DISMISSAL AND NONSUIT.

A trial court may not accept a limited stipulation made only for the purposes of a hearing on a temporary injunction to facilitate resolution of a legal question and extend its legal effect beyond what was reasonably contemplated by the party making it by determining the sufficiency of the complaint; to do so would unduly limit the future use of a valuable procedural device at the trial court level.

2. CONSTITUTIONAL LAW—DUE PROCESS—EVIDENCE.

Due process of law requires that determination of a disputed question of fact be based on evidence.

3. MUNICIPAL CORPORATIONS—CIVIL SERVICE—CITY EMPLOYEES—RESIDENCE.

The burden is on the Detroit Civil Service Commission to produce evidence in support of its allegation that a city employee is not eligible for employment because he did not comply with a residence rule (Detroit Civil Service Commission R VIII, § 2).

*Schlussel, Lifton, Simon, Rands, Kaufman & Lesinski* for plaintiff.

*Kermit G. Bailer,* Corporation Counsel, and *Carl Rashid, Jr.,* and *Victor G. Marrocco,* Assistants Corporation Counsel, for defendants.

PER CURIAM. The plaintiff has filed a delayed application for leave to appeal the Court of Appeals decision affirming the trial judge's dismissal of his complaint.

The plaintiff's position as an analyst for the controller's office for the City of Detroit was declared to be "vacant" by the Detroit Civil Service Commission unless he established residency in the city within 60 days. As a city civil service employee, the plaintiff was required to live within the city pursuant to Civil Service Commission Rule

VII, § 2. The plaintiff contended that the commission's action was in fact a discharge and sued to enjoin enforcement of his discharge. He alleged that the commission did not have the authority to discharge him and that it failed to follow proper procedures. The trial judge denied his request for a temporary injunction and *sua sponte* dismissed the complaint.

The Court of Appeals reversed the dismissal, holding that the commission lacked authority to enforce the residency regulation. 48 Mich App 305; 210 NW2d 459 (1973). Holding that the commission had the authority to vacate the plaintiff's position for failure to fulfill the residency requirement, we reversed the Court of Appeals decision and affirmed the trial judge's decision. 392 Mich 348; 220 NW2d 433 (1974). After rehearing, we modified our earlier decision and remanded to the Court of Appeals for further consideration in light of the fact that the plaintiff had made a special stipulation of nonresidency. 392 Mich 348, 369; 224 NW2d 278 (1974).

The Court of Appeals found that there were no issues of fact to be resolved because the plaintiff had stipulated that he was a nonresident. A remand for a further hearing was said to be unnecessary because the ultimate fact was uncontested. 65 Mich App 380; 237 NW2d 477 (1975). We disagree. The stipulation of nonresidency was made only for purposes of the hearing on the temporary injunction. This facilitated resolution of the legal question concerning the commission's authority. As Judge BRONSON said, dissenting,

"[T]he trial court took this limited stipulation and used it as a basis for granting *its own additional motion* to dismiss the complaint. Although the trial judge ascribed motives of avoiding criminal prosecution to the

limited nature of the stipulation, nothing in the record substantiates that view. I am not willing to allow the trial court to accept a limited stipulation and extend its legal effect beyond what was reasonably contemplated by the party making it. To do so would unduly inhibit the future use of a valuable procedural device at the trial court level." 65 Mich App 380, 394.

There was no admission of nonresidency for purposes of determining the sufficiency of the complaint and the trial judge erred in dismissing the complaint.

No evidence showing that the plaintiff was a nonresident was produced in the civil service proceedings. Due process of law requires that the determination of a disputed question of fact be based on evidence. *Milford v People's Community Hospital Authority,* 380 Mich 49, 58; 155 NW2d 835 (1968), *Napuche v Liquor Control Commission,* 336 Mich 398, 403; 58 NW2d 118 (1953). We remand to the circuit court with instructions to remand to the Civil Service Commission for a hearing to determine whether the plaintiff was a Detroit resident. The burden is on the Civil Service Commission to produce evidence in support of its allegation of nonresidence.

In lieu of leave to appeal, pursuant to GCR 853.2(4), we reverse the Court of Appeals and remand to the circuit court for further proceedings in conformity with this opinion.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, RYAN, and BLAIR MOODY, JR., JJ., concurred.

FITZGERALD, J., took no part in the decision of this case.